432 So.2d 1072 (1983)
Steven YOUNG, I, Plaintiff-Appellant,
v.
CENTRAL LOUISIANA LEGAL SERVICES, INC., Defendant-Appellee.
No. 82-653.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1073 Steven Young, I, Alexandria, for plaintiff-appellant.
Antoon, Dalrymple & Beck, Joseph T. Dalrymple, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and CUTRER, JJ.
DOMENGEAUX, Judge.
Plaintiff, Steven Young, I, was the former program director of Central Louisiana Legal Services, Inc. (CLLS), the defendant herein. On April 21, 1981, the plaintiff was allegedly removed from his position by the Board of Directors of CLLS. Young thereafter filed this suit seeking reinstatement to his former position and recovery of back pay. He claimed in his petition that his dismissal constituted a breach of a stipulation pour autrui entered into for his benefit by CLLS and Legal Services Corporation (LSC), the organization from which CLLS allegedly received monetary grants in order *1074 to provide legal assistance to eligible clients. CLLS filed peremptory exceptions of no right of action and no cause of action to the plaintiff's demands, each of which was maintained by the trial judge. Thereafter, plaintiff perfected this appeal.
The peremptory exception of no cause of action tests the sufficiency in law of plaintiff's petition to allow recovery by anyone against the defendant. The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact considered as true. No evidence may be admitted to support or controvert the exception. The exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does plaintiff have a cause of action, and any doubts must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Wheelahan v. State, Through Louisiana State Claims Review Board, 376 So.2d 576 (La.App. 4th Cir.1979); Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir.1975).
We find the following allegations of fact in plaintiff's petition and annexed documents:
He avers that on July 28, 1978, CLLS filed an initial grant application with LSC, an organization formed by Congress in order to provide financial support for legal assistance to persons financially unable to afford such assistance. According to the plaintiff, in that application, CLLS signed a statement providing that it would comply with a list of assurances attached to the application form if the grant was approved by LSC. One of these assurances provided: "It (applicant) will comply with the Legal Services Corporation Act of 1974 and the rules and regulations, policies, guidelines, instructions and other directives issued by the Legal Services Corporation thereunder." (Parentheses added).
The plaintiff further claims that the application of CLLS was accepted by LSC on May 18, 1979, and that CLLS was notified by letter that LSC was awarding it $336,163.00 for its first year, and that "acceptance of this award will signify your acceptance of the terms and conditions." Subsequent grants were allegedly extended to CLLS pursuant to the terms, conditions, and assurances of this initial grant.
According to the plaintiff, one of the regulations that CLLS was bound by its assurances to comply with deals with the administrative procedures required for the reprimand, suspension, and termination of employees for violations of the Legal Services Corporation Act. That regulation specifically provides:
"A recipient shall:
(a) Advise its employees of their responsibilities under the Act; and
(b) Establish procedures, consistent with the notice and hearing requirements of Section 1011 of the Act, for determining whether an employee has violated a prohibition of the Act; and shall establish a policy for determining the appropriate sanction to be imposed for a violation, including:
(1) Administrative reprimand if a violation is found to be minor and unintentional, or otherwise affected by mitigating circumstances;
(2) Suspension and termination of employment; and
(3) Other sanctions appropriate for enforcement of the Act; but
(c) Before suspending or terminating the employment of any person for violating a prohibition of the Act, a recipient shall consult the Corporation to insure that its interpretation of the Act is consistent with Corporation policy."
45 CFR § 1618.4
The plaintiff further alleges in his petition that the Board of Directors of CLLS failed to comply with the termination procedures described in the Legal Services Corporation regulations when it conducted its hearing of the complaints lodged against the plaintiff. Steven Young claims that the Board's failure to comply with the assurances made by CLLS to LSC constituted a breach of a stipulation pour autrui between *1075 CLLS and LSC, and upon this basis he filed the present suit.
The plaintiff makes a number of specifications of error on appeal. Basically, however, these specifications of error can be reduced to three particulars, to-wit: That the trial court erred in finding that plaintiff had no cause of action; that the court erred in finding that he had no right of action, and that the court erred in dismissing his action against CLLS without first allowing him to amend his petition. For the reasons stated herein, we find merit to the first two assignments of error, and thereby deem it unnecessary to address the third specification of error.
Upon our review of the plaintiff's petition, together with the attached documents, we are of the opinion that the trial judge erred in maintaining the defendant's exception of no cause of action. Since we must accept the allegations of plaintiff's petition as being true in order to determine whether or not the pleadings set forth a cause of action, we feel that there are sufficient allegations of fact in the plaintiff's petition such that he may attempt to seek redress from CLLS for the alleged improper actions of the Board of Directors in removing him from his position in professed violation of federal regulations. Thus, regardless of whether or not the assurances made by CLLS to LSC constituted a stipulation pour autrui in favor of Steven Young (an issue which we deem unnecessary to reach), the purported illegal actions of CLLS provided the plaintiff a cause of action upon which he properly brought this suit.
Furthermore, we feel that the district judge erred in maintaining the defendant's exception of no right of action. This exception raises the question of whether a remedy afforded by law can be invoked by this particular plaintiff. La.C.C.P. Article 927(5); Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App. 3rd Cir.1981). Clearly, Steven Young is the proper party plaintiff to invoke the protection of federal regulations which allegedly were designed to protect persons such as himself who work for organizations such as CLLS that receive financial assistance from LSC. The plaintiff was the particular individual who was allegedly discharged from employment with CLLS, and he plainly has the right to seek whatever restitution he may be entitled to receive for the defendant's allegedly improper actions.
By this decision, under no circumstances do we express any opinion as to the ultimate merits of plaintiff's claims. We merely seek to allow him to have his day in court in order that he may be afforded the opportunity to prove his claims.
For the above and foregoing reasons, the judgment of the district court maintaining defendant's peremptory exceptions of no cause of action and no right of action, be and the same is hereby reversed, and the case is remanded back to the district court for further proceedings. All costs at trial and on appeal are assessed against the defendant.
REVERSED AND REMANDED.