447 So.2d 12 (1984)
Diane Brewton BEAM, Plaintiff-Appellant,
v.
INTERCONTINENTAL LIFE INSURANCE COMPANY and Joseph C. Tauzin, Defendants-Appellees.
No. 15999-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*13 Edmund M. Thomas, Shreveport, for appellant.
Lunn, Irion, Switzer, Johnson & Salley by James B. Gardner, Shreveport, for Tauzin & American Home Assur. Co.
Deutsch, Kerrigan & Stiles by Francis G. Weller, New Orleans, for Intercontinental Life Ins. Co.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Diane Brewton Beam, widow of Michael W. Beam, appeals from a judgment rejecting her demands against Intercontinental Life Insurance Company, its general agent, Joseph C. Tauzin, and Tauzin's errors and omissions carrier, American Home Assurance Co. Finding no error in the district court's judgment, we affirm.
Joseph C. Tauzin was a general agent for Intercontinental Life Insurance Company. Previously, Tauzin had sold life insurance policies from other companies to Michael W. Beam, a practicing attorney in the Bossier City area.
Diane Brewton Beam was designated as the owner and named beneficiary on an application for a $500,000 life insurance policy, and as such, brought suit to recover thereunder. Alternatively, she sought recovery of $200,000 under the terms of the conditional receipt. As a third alternative, she sought recovery against Joseph C. Tauzin in the amount of $500,000 as damages for his failure to procure the insurance.
The trial court rejected her demands, reasoning that the policy was never in effect and finding that while some of Mr. Tauzin's actions were substandard, he was not negligent in failing to procure the policy.
The circumstances giving rise to this cause began at a breakfast meeting on May 6, 1981, between Tauzin and Beam. At that meeting Tauzin proposed an additional $500,000 life insurance policy to be written by Intercontinental Life Insurance Company. Beam agreed and signed a blank application for the policy. He also signed a bank authorization to permit Intercontinental to draw drafts for premium payments from Bossier Bank and Trust Company, and a medical authorization form. When Tauzin returned to his office, he completed the first page of the application form.
The next day, Tauzin obtained from Beam's secretary Beam's check for $77.08, representing the amount of one month's premium for $500,000 coverage. He also obtained a second bank authorization card. At this time Mrs. Beam signed the application. Tauzin did not give the Beams a copy of the application form or a conditional receipt. Tauzin testified that he realized that he was not authorized to issue a conditional receipt because Intercontinental would not allow him to bind coverage on insurance applications in excess of $200,000.
The incomplete conditional receipt form along with the partially completed application and bank authorization card was sent to Intercontinental on May 7, 1981. Tauzin retained in Beam's file the check for $77.08 and the second bank authorization card.
The second page of the application called for a medical examination and health history. Several appointments were set up for the medical examination which were not kept by Beam. About three months after the application was taken, and before the required medical information was furnished or a policy issued, Beam died.
The policy application itself supports the finding that the insurance coverage was not in effect. The application clearly and unambiguously states that the application is not a contract of insurance. According to this document, a contract of insurance shall become effective:
"(1) only in accordance with the terms of a policy issued on this application and (2) only if such policy is issued and the full *14 first premium thereon is actually paid (a) during the lifetime of all persons proposed for insurance under such policy and (b) while the insurability and condition of health of all such persons remain the same as stated in this application provided however, that if payment is made in cash at the time of signing of this application, the terms of the Conditional Receipt shall apply hereto and are agreed to."
In our opinion, the language quoted from the above document signed by Beam negates any claim that Tauzin, as an agent for Intercontinental, had actual or apparent authority to immediately bind Intercontinental in the amount of $500,000.
Since the policy was never issued, plaintiff's only contractual recourse against Intercontinental would be under the provisions of the conditional receipt. According to the insurance application, the terms of the conditional receipt are triggered if the first full premium is paid in cash. A discussion of whether the first month's premium was actually paid by the unnegotiated check for $77.08 may, however, be pretermitted. The conditional receipt states that in order for coverage to exist prior to issuance of the insurance policy, both the agent and owner must sign the receipt. Neither Joseph Tauzin nor Diane Brewton Beam's signature appears. Further, the conditional receipt states the provisional coverage exists under its terms for up to sixty days from signature of the application form. Michael W. Beam died more than three months after his application for coverage.
Mrs. Beam's remaining theory of recovery is that Tauzin was negligent in that he breached his fudiciary obligation to procure the insurance coverage. In order to recover for loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove:
(1) an undertaking or agreement by the insurance agent to procure insurance;
(2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and
(3) the actions of the agent warranted an assumption by the client that he was properly insured.
Redmond v. National Union Fire Ins. Co. of Pittsburgh, 403 So.2d 810 (La.App. 2d Cir.1981); Porter v. Utica Mut. Ins. Co., 357 So.2d 1234 (La.App. 2d Cir.1978). See also Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La. 1973).
The facts elicited at trial show that Mr. Tauzin undertook the procuring of this insurance by having Mr. Beam fill out the application for the insurance coverage. The record reflects that Mr. Tauzin used reasonable diligence in attempting to place the insurance policy with Intercontinental. The partially completed application was forwarded to Intercontinental from Tauzin on May 7, 1981. Intercontinental received the application on May 14, 1981 and began to process it by obtaining reports from Equifax and the Medical Information Bureau. Tauzin made several efforts to have Beam submit to the medical examination required for completion of the application, but Beam never complied with these requests.
The record is silent as to any action by Tauzin which would warrant an assumption by Beam, an attorney, that he was properly insured. However, Tauzin's numerous attempts to have Beam submit to the required medical examination underscore the fact that the application remained incomplete at Beam's death, and Beam must have been aware of that fact.
We conclude that the factual determinations made by the trial court are amply supported by the record and will not be disturbed by us on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). For the reasons stated above, the opinion of the trial court is affirmed.
AFFIRMED.