567 So.2d 1168 (1990)
Wanda McCARTNEY, et al., Plaintiff-Appellees,
v.
STATE FARM INSURANCE COMPANY, et al., Defendants-Appellants.
No. 89-362.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*1169 Thomas W. Davenport, Jr., Monroe, for plaintiff/appellees.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant/appellee State Farm.
McLure & Pickels, John G. McLure, Alexandria, for defendant/appellee Burke.
Leslie Leavoy, Jr., Alexandria, for plaintiff, during trial.
Before DOUCET, YELVERTON and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the trial jury was correct in finding that an insurance agent was not negligent in failing to procure certain insurance coverage.
Wayne McCartney and his wife, Bonnie McCartney (hereinafter plaintiffs), brought suit against Billy and Peggy Whitehead (hereinafter the Whiteheads), d/b/a "Pearl and Sid's" and their insurer, State Farm Insurance Company (hereinafter State Farm), for the death of their son, Justin Wayne McCartney (hereinafter Justin). On September 21, 1984, Justin, age 17, was sold "jungle juice," an alcoholic beverage, by an employee of a liquor/convenience store, known as "Pearl and Sid's" owned and operated by the Whiteheads. After leaving "Pearl and Sid's" and drinking "jungle juice", Justin was killed in a one car accident.
A unanimous jury found Billy and Peggy Whitehead, the owners of "Pearl and Sid's", 70% percent negligent and Justin 30% percent negligent for his own death. Wayne McCartney, Justin's father, was awarded $200,000.00 in damages, reduced by 30%, and Bonnie McCartney, Justin's mother, was awarded the same amount.
The Whiteheads were insured by a business insurance policy issued by State Farm through its agent, Paul Burke (hereinafter Burke). This policy excluded coverage for liability arising out of the sale of alcoholic beverages. The Whiteheads filed a third party demand against Burke and State Farm alleging negligence in not obtaining the proper insurance coverage for their business. The jury, again acting unanimously, found that Burke was not negligent in procuring insurance for the Whiteheads. The Whiteheads appeal this judgment in favor of Burke but not the jury verdict finding them 70% at fault for Justin's death. We affirm.

FACTS
State Farm, through its agent, Burke, issued the Whiteheads a business insurance policy which went into effect on January 13, 1984 and was in effect at the time of Justin's accident. The policy covered a variety of casualties, including damages to the building and personal property of "Pearl and Sid's," loss of income, and business liability. However, the policy expressly excluded coverage for the accident which occurred in this case. Section II"Comprehensive *1170 Business Liability," "Business Liability Exclusions," Number 7 of the policy states in part:
"7. to bodily injury or property damage for which the insured or their indemnitee may be held liable:
a. as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or
b. if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:
(1) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or
(2) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;"
Mr. Whitehead testified that 75-80% of his sales were from alcohol, that he did not know of the policy exclusion, that Burke did not tell him of the exclusion, and that he did not read his policy. Mr. Whitehead stated that he relied on Burke to get the insurance coverage he needed and, therefore, the Whiteheads argue that Burke was negligent in failing to procure insurance coverage for what they contend is 80% of their business.
Burke, on the other hand, testified that though he did suggest that he might be able to help Mr. Whitehead with his business policy when Mr. Whitehead came in to see about personal automobile coverage, he did tell Mr. Whitehead about all of the exclusions, including the exclusion involved here. Mr. Whitehead stated that he took the policy because it provided more coverage than he had with a different company at a lesser price.
Under these facts and all of the evidence, the jury found that Burke was not negligent. The Whiteheads appeal.

LAW
In order for a client to recover from an insurance agent for not obtaining requested insurance coverage, the client must prove "(1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) the actions of the agent warranted an assumption by the client that he was properly insured." Beam v. Intercontinental Life Ins. Co., 447 So.2d 12 (La.App. 2 Cir.1984); Accord, Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La.1973); Chandler v. Jones, 532 So.2d 402 (La.App. 3 Cir.1988); Norred v. Commercial Union Ins. Co., 526 So.2d 829 (La.App. 2 Cir.1988), writ den., 531 So.2d 483 (La.1988).
A jury's finding of fact will not be disturbed on appeal in the absence of manifest or clear error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Chandler v. Jones, supra.
In this case, the jury was presented with conflicting testimony. After submitting the application for the business policy and procuring the insurance from State Farm, Burke received the following letter from the underwriting department:
"Paul,
We have received a field survey and according to the information in this survey, this risk is primarily a liquor store. We presently have this classified as a grocery store with incidental liquor sales insured under a Business policy. It appears we need to rewrite this to the SMP program as a liquor store is not eligible for the Business program.
Please forward a rewrite application so that coverage can be written to the SMP program. Please note that we will be unable to continue Crime coverage as this coverage is not acceptable for a liquor store.
We will suspend our file for 20 days for your reply.
Thank you."
Burke wrote on the bottom of this letter "according to the owner, only about 25% sales is from liquor. Remaining 75% sales comes from sundry items and gas sales. Shouldn't this be a convenience store and *1171 qualify for B.O." He signed and dated the letter and mailed it back to State Farm. The policy, thus, remained in effect.
Burke also testified that Mr. Whitehead told him that only 25% of the sales in the store were from the selling of alcohol. Further, Burke stated that he did, through use of a brochure, tell Mr. Whitehead of the exclusion.
Mr. Whitehead, however, testified that he did not tell Burke that only 25% of his sales was from alcohol and that Burke did not tell him of the policy exclusion or give him a brochure explaining the policy exclusion.
The jury, obviously, chose to believe Burke. We also note that the policy held by the Whiteheads previous to their negotiations with Burke contained the same policy exclusion, and there is no evidence that the Whiteheads requested that insurance coverage be obtained for such incidences as occurred in this case.
From this evidence, we can not say that the jury was clearly wrong or manifestly in error in finding that the elements set forth in Beam and Karam, supra, were not proven. The jury's determination of fact will be given the weight it is due.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendants-appellants.
AFFIRMED.