765 So.2d 416 (2000)
Clementine and Demetria TAYLOR
v.
Alex SIDER, et al.
No. 99-CA-2521.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2000.
Writ Denied October 6, 2000.
*417 Bradford R. Roberts, II, Roberts, Katz & Baudier, New Orleans, LA, Counsel for Plaintiffs-Appellants, Clementine Taylor and Demetria Taylor.
Wm. Ryan Acomb, J. Don Kelly, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, Counsel for Defendants-Appellees, State Farm Mutual Automobile Ins. Co., and Anthony J. Cimo.
(Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY).
KLEES, Chief Judge.
The issue presented is whether the trial court erred in granting defendant's exception of no cause of action. For the reasons stated more fully herein, we reverse the trial court's ruling and remand for further proceedings.

FACTS
Plaintiff, Clementine Taylor, was a passenger in a car owned and being driven by her adult daughter Demetria Taylor. The two women were involved in an accident with an uninsured motorist and Clementine Taylor was injured. State Farm Mutual Automobile Insurance Company insured Demetria Taylor's car and that policy had $10,000 in uninsured motorist (UM) coverage. State Farm also insured a car owned by Clementine Taylor's husband, James Taylor, and that policy had $100,000 in UM coverage. Demetria Taylor resided with Clementine and James Taylor at the time of the accident. Although State Farm insured three of the Taylor vehicles, the policies of James Taylor and Demetria Taylor were written at different times by different insurance agents.
State Farm tendered the $10,000 UM limit of the policy on Demetria Taylor's car to plaintiff. Because her medical expenses exceeded that amount, plaintiff also sued State Farm for UM coverage under the policy on James Taylor's car. State Farm moved for summary judgment, which was granted by the trial court and affirmed by this Court. Taylor v. Sider, 97-1841 (La. App. 4 Cir. 4/29/98), 714 So.2d 783. The Louisiana Supreme Court denied plaintiff's writ application. Taylor v. Sider, 98-1769 (La.10/9/98), 726 So.2d 406.
While the appeal of the summary judgment was pending, plaintiff amended her petition to name as defendant Anthony Cimo, the State Farm insurance agent who sold James Taylor's insurance. Plaintiff alleged in this petition that Cimo failed to properly include plaintiff as an insured on the policy issued to James Taylor. State Farm responded with an Exception of No Cause of Action and No right of Action, arguing that plaintiff could not recover under that policy because she had already recovered under her daughter's policy pursuant to the provisions of Louisiana's anti-stacking *418 provisions, LSA-R.S. 22:1406(D)(1)(c).
Following the denial of the writ application by the Supreme Court, the exceptions were set for hearing on February 5, 1999. On February 4, 1999, plaintiff filed a motion to continue the hearing to March 5, 1999, as well as a second amended petition. This petition alleged that defendant, Anthony Cimo, failed to advise plaintiff that the three Taylor vehicles could be insured under one policy and of the nature of the UM anti-stacking provisions.
Plaintiff failed to appear at the March 5, 1999 hearing and the court granted the defendants' exceptions. Plaintiff then filed a Motion for New Trial, to which defendant responded with a Memorandum in Opposition and a Motion to Sanction plaintiff's counsel. Both motions were subsequently denied. Plaintiff now appeals the granting of defendants' exception of no cause of action.
The peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced by either party to support or to controvert the objection of no cause of action. Id. The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact accepted as true. Young v. Central Louisiana Legal Services, Inc., 432 So.2d 1072 (La.App. 3d Cir.1983). Any doubts as to the sufficiency of the petition must be resolved in favor of the sufficiency of the petition to state a cause of action. Id. Because this exception must be decided on the face of the pleadings alone, the court will look beyond mere headings and terminology used in the pleadings to determine the true nature of the suit. Daly v. Reed, 95-2445 (La.App. 4 Cir. 2/15/96), 669 So.2d 1293.
On appeal, plaintiff raises the issue of defendant's duty to her as an insured. Plaintiff contends that Anthony Cimo had a duty to her to explain the provisions of the uninsured motorist exclusions and limitations in the subject policy.
An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 730 (La.1973). To recover for losses resulting from such failure, the plaintiff must establish: 1) an undertaking or agreement by the insurance agent to procure insurance; 2) failure of the agent to use reasonable diligence to obtain insurance and to notify the client promptly of the absence of coverage; and 3) actions by the agent which warranted the client's assumption that he was insured in the amount of the desired coverage. Opera Boats, Inc. v. Continental Underwriters, Ltd., 618 So.2d 1081, 1085-86 (La.App. 1 Cir.1993).
Insurance agents and brokers owe the same duty to a client for whom the agents or brokers have agreed to procure insurance. See, e.g. Durham v. McFarland, Gay and Clay, Inc., 527 So.2d 403 (La.App. 4th Cir.1988) (duty owed by brokers); McCartney v. State Farm Ins. Co., 567 So.2d 1168 (La.App. 3d Cir.), writ not considered, 569 So.2d 974 (La.1990) (duty owed by exclusive agent). If a duty is imposed by the relationship of the parties and the duty is breached by an act or omission of a party then that party is liable for such acts of omission or commission. Mauroner v. Massachusetts Indem. and *419 Life Ins. Co., 520 So.2d 451 (La.App. 5th Cir.), writ denied, 524 So.2d 518 (La.1988).
Thus, Louisiana law in certain instances imposes a fiduciary duty on insurance agents in their dealings with the insured. Plaintiff essentially alleges that had she been informed of the relevant provisions of Louisiana law, she may have opted for a different type of coverage which would have provided recovery in this case. Accepting the allegations of plaintiff's amended petitions as true, we find that plaintiff has adequately asserted a cause of action against defendants as to the insurance agent's duty in procuring this insurance and informing the insured of the policy limitations and exclusions.
Defendants argue that none of the agent's actions or inactions caused plaintiff's limitation of recovery in this case, and her claim arose because of well-established provisions of Louisiana law over which the agent had no control. However, these arguments concern the merit of plaintiff's claim which must be determined after findings of fact upon motion for summary judgment or trial on the merits. Nothing in this opinion should be construed as a reflection on the merits of plaintiff's claims. We merely hold that the trial court erred in granting defendant's exception where the well-pleaded allegations of plaintiff's petition state a cause of action for breach of duty against defendants.
Accordingly, for the reasons assigned herein, the judgment of the trial court granting the peremptory exception of no cause of action is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. Appellees are to bear all costs of this appeal.
REVERSED AND REMANDED.