*64
 
 EDWIN A. LOMBARD, Judge.
 

 | ¡¿Plaintiff, City Blueprint
 
 &
 
 Supply Company, Inc. (“City Blueprint”), appeals a summary judgment rendered in favor of Defendants, Morrison Insurance Agency, Inc. (“Morrison, Inc.”) and Bob Boggio (“Mr. Boggio”). After a
 
 de novo
 
 review of the record in light of the relevant law, we affirm the trial court’s judgment granting Defendant’s Motion for Summary Judgment.
 

 Relevant Facts
 

 In 2001, David and Robert Mahoney (hereinafter collectively referred to as “the Mahoney brothers”) became the sole owners of their father’s business, City Blueprint. For many years, City Blueprint and the Mahoney brothers had a positive, long-standing relationship with their insurance agent, Mr. Boggio, who was employed by Morrison, Inc., and who the Mahoney brothers used to procure City Blueprint’s yearly Commercial Package insurance policy.
 

 According to their deposition testimony, the Mahoney brothers would meet with Mr. Boggio once a year to renew the policy. However, at no time did either of the Mahoney Brothers ever specifically request that Mr. Boggio procure flood insurance for City Blueprint or inquire as to whether the policy included flood insurance. Rather, according to both brothers, they just assumed that the phazard/fire policy they obtained through Mr. Boggio covered the property against flood damage since Mr. Boggio had always assured them that they were “fully covered.” In March 2005, Mr. Boggio procured St. Paul Travelers Commercial Package policy number BK02023019 on behalf of City Blueprint. Robert Mahoney, who had the duty of dealing with insurance coverage for City Blueprint, admits that he never actually read the policy and was unaware that the policy contained a flood exclusion. Likewise, David Mahoney admitted that he also failed to read the policy and was unaware that it contained a flood exclusion. Both of the Mahoney brothers testified that they had no idea whether any of their former policies provided flood insurance.
 

 On August 29, 2005, the building in which City Blueprint is located (“the property”) sustained damage from flooding associated with Hurricane Katrina. Robert Mahoney testified that it was not until after the hurricane that he and his brother learned that they did not have flood insurance on the property.
 

 On August 29, 2006, City Blueprint filed suit against Mr. Boggio and Morrison, Inc., asserting claims of negligence and negligent misrepresentation, breach of fiduciary duty, failure to obtain flood coverage, failure to advise regarding flood insurance options and availability, failure to train and adequately supervise agents regarding flood coverage options and failure to institute a policy whereby all agents would advise clients regarding flood coverage options.
 

 Morrison, Inc. and Boggio filed a Motion for Summary Judgment on the basis that they owed no duty to procure flood insurance for City Blueprint and no duty to advise City Blueprint with respect to coverage. The trial court granted the ^Motion and dismissed the claims against the Defendants. City Blueprint now appeals.
 

 Specifications of Eiror
 

 On appeal, City Blueprint sets forth two specifications of error. First, it argues that the trial court erred in finding that Mr. Boggio and Morrison, Inc. owed no fiduciary duties to procure or advise City Blueprint with respect to flood insurance. City Blueprint argues that substantial issues of material fact exist in determining whether the alleged conduct of the defen
 
 *65
 
 dants both before and after Hurricane Katrina warranted City Blueprint’s assumption that being “fully covered” for “hazards” meant that the policy provided coverage for flood damage caused by the storm. Second, City Blueprint argues that the trial court erred in finding that no substantial issue of material facts exist that are sufficient to defeat defendants’ claim that they are immune from liability since the policy at issue contains a flood exclusion.
 

 Law & Analysis
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria applied by trial courts to determine whether summary judgment is appropriate.
 
 Billes/Manning Architects v. Accountemps, Div. of Robert Half of Louisiana,
 
 98-3044 (La.App. 4 Cir. 9/15/99), 742 So.2d 728, 731. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law. La.Code Civ. Proc. art. 966(B). Therefore, we must conduct | Bour own thorough review of the record and the relevant law to determine if Mr. Boggio and Morrison, Inc. are liable to City Blueprint for failing to procure flood insurance on the property.
 

 In Louisiana, an insurance agent owes a fiduciary duty to the insured under certain circumstances.
 
 Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.,
 
 910 F.2d 224, 229 (5th Cir.1990). An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance
 
 requested
 
 and to notify the client promptly if he has failed to obtain the requested insurance.
 
 Taylor v. Sider,
 
 99-2521, p. 3 (La.App. 4 Cir. 5/31/2000), 765 So.2d 416, 418 (emphasis added). An insured may recover from the agent the loss he sustains as a result of the agent’s failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.
 
 Id.,
 
 citing
 
 Karam v. St. Paul Fire & Marine Ins. Co.,
 
 281 So.2d 728, 730 (La.1973). Insurance agents and brokers owe the same duty to a client for whom the agents or brokers have agreed to procure insurance.
 
 Id.,
 
 p. 4, citing
 
 Durham v. McFarland, Gay and Clay, Inc.,
 
 527 So.2d 403 (La. App. 4 Cir.1988) and
 
 McCartney v. State Farm Ins. Co.,
 
 567 So.2d 1168 (La.App. 3 Cir.1990). If a duty is imposed by the relationship of the parties and the duty is breached by an act or omission of a party then that party is liable for such acts of omission or commission.
 
 Taylor,
 
 99-2521, p. 4.
 

 In
 
 Porter v. Utica Mutual Ins. Co.,
 
 357 So.2d 1234 (La.App. 2 Cir.1978), the Second Circuit Court of Appeal held that a plaintiff may recover for loss arising from the failure of an insurance agent to obtain insurance coverage if plaintiff can establish three elements: (1) an undertaking or agreement by the 16agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) that actions of the agent warranted an assumption by the client that he was properly insured.
 
 Id.
 
 at 1238.
 

 Applying those principles to the facts of this case, we find that City Blueprint cannot satisfy the first requirement of
 
 Porter,
 
 since there was no agreement on behalf by defendants to procure flood insurance on the property. Both Mahoney brothers acknowledged that they never
 
 *66
 
 specifically requested that Mr. Boggio obtain flood insurance on the property. Both admit that they never asked Mr. Boggio if the policy provided flood insurance. The evidence in the record clearly indicates that the Mahoney brothers did not request that Defendants procure flood insurance for City Blueprint. Thus, City Blueprint cannot show that Mr. Boggio and Mom-son, Inc. breached a duty by failing to procure flood insurance.
 

 City Blueprint also argues that Mr. Boggio and Morrison, Inc. are liable for their negligent failure to advise the Maho-ney brothers about the various flood insurance options and whether City Blueprint needed to have flood insurance. However, City Blueprint cannot support this claim either, since no such duty exists. See, e.g.
 
 Dobson v. Allstate Ins. Co.,
 
 2006 WL 2078423 (E.D.La.7/21/06) (unpublished).
 
 [1]
 

 17In
 
 Dobson,
 
 supra, the plaintiffs alleged that their insurance agents failed to tell them that they were underinsured. Like the Mahoney brothers, the plaintiffs in
 
 Dobson
 
 did not allege that they specifically inquired about a particular type or amount of coverage, but admitted they relied upon their agents to obtain an adequate type and amount of coverage. The court found that the agents had no duty “to spontaneously identify a client’s needs and advise him as to whether he is under-insured or carries the right type of coverage.”
 
 Id.
 
 *10; See also
 
 Parker v. Lexington Ins. Co.,
 
 2006 WL 3328041 (E.D.La. 2006) (unpublished). Similarly, in
 
 Whitehead v. State Farm Ins. Co.,
 
 2006 WL 3747520, *2 (E.D.La.2006) (unpublished), the court noted that there are no Louisiana eases that impose a duty on an agent to identify a client’s needs and advise the client that he is underinsured or does not have the proper type of insurance (observing that an agent would, however, have had a duty if the plaintiffs requested a specific type or amount of insurance that the agent failed to provide). Moreover, the “client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy.”
 
 Frischhertz v. Lexington Ins. Co.,
 
 2006 WL 3228385, p. 2 (E.D.La.2006) (unpublished). Thus, City Blueprint’s claim based on Defendants’ failure to advise the Mahoney brothers regarding flood insurance is without merit.
 

 Finally, City Blueprint claims that Mr. Boggio and Morrison, Inc. negligently misrepresented the extent of city Blueprint’s coverage by assuring the Ma-honey brothers that City Blueprint was fully covered. To recover on a claim of negligent misrepresentation, a plaintiff must show “(1) a legal duty to supply correct information; (2) breach; and (3) damages resulting from justifiable reliance [son the misrepresentation.”
 
 Abbott v. Equity Group, Inc.,
 
 2 F.3d 613 (5th Cir.1993). Here, the Mahoney brothers argue Mr. Boggio’s assurance that City Blueprint was “fully covered” (a statement that Mr. Boggio denies ever making) was a misrepresentation of the extent of the coverage. Mr. Boggio argues that to him “fully covered” meant “fully covered against hazards” such as fire and theft, but not against flood.
 

 
 *67
 
 Regardless of whether Mr. Boggio made the statement, City Blueprint’s reliance on the statement to mean that it had flood insurance was unreasonable in light of the fact that the policy in this case specifically contains a straightforward, uncomplicated, exclusion against damage caused by flood. The Mahoney brothers testified that although Mr. Boggio never told them that flood insurance was included in the commercial insurance package, they assumed that flood insurance was included. This blind assumption is not justifiable. An insured is responsible for reading his policy and is presumed to know its terms.
 
 Stephens v. Audubon Ins. Co.,
 
 27,-658 (La.App. 2 Cir. 12/6/95), 665 So.2d 683. Here, the Mahoney brothers admitted that they failed to read the policy and were unaware that it contained a flood exclusion. A simple review of the policy would have put the Mahoney brothers on notice that their company was not covered for damages arising from a flood. Thus, City Blueprint’s claim for negligent misrepresentation must also fail.
 

 Decree
 

 City Blueprint cannot meet the elements of any alleged claim against Mr. Boggio and Morrison, Inc. No genuine issues of material fact exist and Defendants |9are entitled to summary judgment as a matter of law. Accordingly, the trial court’s judgment granting Defendants’ Motion for Summary Judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . In the aftermath of Hurricanes Katrina and Rita, Louisiana federal district courts considered whether insurance agents have an affirmative duty to inform an insured about the availability of flood coverage in excess of the NFIP limits, and whether insurance agents have an independent duty to spontaneously identify their clients’ needs and advise them as to whether they are underinsured. The resounding conclusion is that such duties do not exist under Louisiana law.
 
 Cameron Parish School Bd. v. State Farm Fire and Cas. Co.,
 
 560 F.Supp.2d 485, 489 (W.D.La.2008).