BELSOME, Judge.
 

 11Plaintiffs-Appellants, Mr. and Mrs. Ross Heidingsfelder, Sr., appeal the trial court’s grant of Defendants-Appellees’ mo
 
 *977
 
 tion for summary judgment. Appellants purchased a builder’s risk flood policy from Appellees, Hibernia Insurance, L.L.C., which was converted to a homeowner’s flood policy upon completion of their home’s construction.
 
 [1]
 
 The homeowner’s flood policy, which Mr. Heidings-felder admitted he did not read, did not include coverage for contents.
 
 [2]
 
 After sustaining flood damage from Hurricane Katrina, Appellants sued Hibernia under the errors and omissions policy. Hibernia filed a motion for summary judgment, which the trial court granted. We find that Hibernia breached no duty to Appellants and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellants’ home construction was financed by Hibernia Bank. Appellants’ banker advised them that they could purchase any insurance needs through Hibernia Insurance, L.L.C. Appellants subsequently purchased a builders risk flood policy from Hibernia that insured the structure, but not its contents, as the home was still under construction at that time. The home was completed in late |22003, and Appellants sought to convert the policy into a homeowner’s flood policy, which Hibernia did. The policy provided for flood coverage for the structure but not for its contents. It is not disputed that although policy declaration pages were sent to and received by Appellants, Appellants did not review any of these documents. As a result of Hurricane Katrina, the structure sustained flood damage, at which time Appellants assert they first became aware that they did not have flood contents coverage.
 

 Appellants filed suit against Hibernia under its errors and omissions policy, alleging that Hibernia failed to fulfill its duties to Appellants as a casualty insurance agent. Hibernia filed a motion for summary judgment, asserting that it breached no duty to Appellants. The trial court granted the motion in favor of Hibernia on January 16, 2009. This appeal followed.
 

 STANDARD OF REVIEW
 

 This Court reviews summary judgments
 
 de novo,
 
 using the same criteria applied by the trial court to determine whether summary judgment is appropriate.
 
 City Blueprint & Supply Co., Inc. v. Bob Boggio, et al.,
 
 2008-1093, p. 4 (La.App. 4 Cir. 12/17/08), 3 So.3d 62, 65.
 

 DISCUSSION
 

 Appellants argue that the trial court erroneously applied
 
 Karam v. St. Paul Fire & Marine Ins. Co.,
 
 281 So.2d 728 (La.1973) to find that Hibernia did not breach a duty to Appellants. Appellants also argue that the trial court erred in granting the motion for summary judgment because there were genuine issues of material fact regarding whether Hibernia had a general duty to Appellants and | ^whether Hibernia had a duty when the builder’s risk policy was converted into a homeowner’s policy.
 

 In
 
 Karam,
 
 the Louisiana Supreme Court established the duty of an insurance agent to his client.
 
 [3]
 
 George Karam, the
 
 *978
 
 plaintiff in that case operated a laundromat that sustained an explosion from a hot water heater.
 
 Karam,
 
 281 So.2d at 729. Karam, the insured, filed suit against his insurance agent under the errors and omissions policy, alleging that the agent only procured $10,000.00 in liability coverage, as opposed to the $100,000.00 that he requested.
 
 Id.
 
 at 730. The agent had testified that Karam requested him to obtain as much liability coverage as was available, and acknowledged that such coverage would indeed have been $100,000.00; however, he candidly admitted that he obtained only $10,000.00 worth of coverage through pure error on his part.
 
 Id.
 
 Thus, the Court found that the agent negligently failed to procure property damage liability coverage in the amount requested.
 
 Id.
 

 Appellants argue that their request involved a more complex request of a conversion of a builder’s risk policy into a homeowner’s policy, and is thus distinguishable from
 
 Karam.
 
 Furthermore, they argue that no person directed the plaintiffs to the agent in
 
 Karam,
 
 as Hibernia Bank did in this case. |4Appellants submit that it was not unreasonable for them to conclude that Hibernia would procure flood coverage sufficient to protect the loan, which would necessarily include coverage for both the building and its contents. We disagree.
 

 Mr. Heidingsfelder acknowledged in his deposition that he was aware that he could have gone to other agencies to satisfy his insurance needs. The request made to Hibernia, according to Mr. Heidingsfelder’s own testimony, was to convert the builders risk policy into a homeowners policy, which Hibernia did. Mr. Heidingsfelder further testified that he in fact received numerous flood declaration documents evidencing no coverage for contents,
 
 [4]
 
 but candidly admitted that he simply failed to review any of these documents.
 
 [5]
 
 Finally, Mr. Heidingsfelder conceded that there were no discussions with Hibernia regarding flood insurance upon relocation to the new construction, and that at no time did he ever request contents coverage from Hibernia.
 

 Considering the foregoing, we cannot agree that Appellants established a duty on the part of Hibernia under the facts and circumstances of this case. Moreover, this Court has explicitly held that insurance agents do not have an independent duty to identify their clients’ needs and to advise them regarding whether they may be underinsured.
 
 City Blueprint,
 
 3 So.3d 62, 66 n. 1. In
 
 City Blueprint,
 
 owners of City Blueprint & Supply Co. obtained insurance for their business through their agent, Bob Boggio,
 
 *979
 
 with whom they met once a year.
 
 Id.
 
 at p. 2, B So.3d at 63. The owners never requested Boggio to procure flood insurance for the business; rather, they assumed the fire/hazard policy would provide |5coverage in the event of a flood because Boggio had advised them that they were “fully covered.”
 
 Id.
 
 at p. 3, 3 So.3d at 64. Robert Mahoney, the owner who handled the insurance for the business, admitted that he never read the policy and was thus unaware that it contained flood exclusion.
 
 Id.
 
 The other owner, Robert’s brother David Mahoney, similarly testified that he did not read the policy and had no knowledge of a flood exclusion.
 
 Id.
 
 Both brothers conceded that they had no knowledge as to whether any of the former insurance policies for the business included flood insurance.
 
 Id.
 

 The business sustained flooding damage as a result of Hurricane Katrina.
 
 Id.
 
 As in the instant case, Robert Mahoney admitted that he and his brother did not discover the lack of flood insurance until after the hurricane had struck.
 
 Id.
 
 City Blueprint sued the insurance agent, Bog-gio and the insurance agency, Morrison, Inc.
 
 Id.
 
 Morrison and Boggio filed a motion for summary judgment on the grounds that neither owed City Blueprint a duty to procure flood insurance nor to advise City Blueprint with respect to coverage.
 
 Id.
 
 The trial court granted the motion, and this Court affirmed.
 

 In affirming the trial court, this Court recognized that an insurance agent’s duty when procuring insurance for a customer requires “reasonable diligence in attempting to place the insurance
 
 requested,
 
 and to notify the client promptly if he has failed to obtain the requested insurance.”
 
 Id.
 
 at p. 5, 3 So.3d at 65 (citing
 
 Taylor v. Sider,
 
 99-2521, p. 3 (La.App. 4 Cir. 5/31/00), 765 So.2d 416, 418)(emphasis in original). For an insured to recover from his agent, the loss sustained must result from the agent’s failure to procure the requested coverage if the agent’s actions “warranted an assumption by the client that he was properly |(iinsured in the amount of the desired coverage.”
 
 Id.
 
 To determine whether such an assumption by the insured was warranted, this Court applied a three-part test:
 

 [A] plaintiff may recover for loss arising from the failure of an insurance agent to obtain insurance coverage if plaintiff can establish three elements: (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance;
 
 and
 
 (3) that actions of the agent warranted an assumption by the client that he was properly insured.
 
 Id.
 
 at 1238.
 

 City Blueprint,
 
 2008-1093, p. 5-6, 3 So.2d at 65 (citing
 
 Porter v. Utica Mutual Ins. Co.,
 
 357 So.2d 1234 (La.App. 2 Cir.1978)(emphasis added). Considering these three requirements, this Court found that the first requirement was not met, because there was simply no agreement on behalf of the defendants to procure flood insurance for City Blueprint.
 
 [6]
 

 Id.
 

 
 *980
 
 Significantly, this Court also recognized that insurance agents do not have an independent duty to spontaneously advise insureds regarding various flood insurance options or whether an insured needs to have flood insurance:
 

 In the aftermath of Hurricanes Katrina and Rita, Louisiana federal district courts considered whether insurance agents have an affirmative duty to inform an insured about the availability of flood coverage in excess of the NFIP limits, and whether insurance agents have an independent duty to spontaneously identify their clients’ needs and advise them as to whether they are un-derinsured. The resounding conclusion is that such duties do not exist under Louisiana law.
 

 City Blueprint,
 
 3 So.3d 62, 66 n. 1 (citing
 
 Cameron Parish School Bd. v. State Farm Fire and Cas. Co.,
 
 560 F.Supp.2d 485, 489 (W.D.La.2008)(emphasis added). Therefore, this Court concluded that City Blueprint failed to support a claim that Boggio and Morrison were liable for negligent failure to advise them regarding the need for flood insurance or various flood insurance options, “since no such duty exists.”
 
 City Blueprint,
 
 2008-1093, p. 6, 3 So.2d at 66 (citing
 
 Dobson v. Allstate Ins. Co.,
 
 2006 WL 2078423 (E.D.La.7/21/06) (unpub.)).
 
 [7]
 

 In this case, as in
 
 City Blueprint,
 
 no agreement existed between Appellants and Hibernia to procure flood insurance coverage for contents. Mr. Heidingsfelder acknowledged that he had no discussions with Hibernia regarding flood insurance coverage, nor did he request that Hibernia procure flood insurance coverage for contents. Furthermore, like the insureds in
 
 City Blueprint,
 
 Mr. Heidingsfelder admitted that although he received the documents and declaration pages detailing the types and amounts of coverage, he never reviewed those documents. Accordingly, under these particular facts and circumstances, Appellants cannot establish that Hibernia breached a duty by failing to procure flood insurance coverage for contents.
 

 ^CONCLUSION.
 

 For the foregoing reasons, the trial court’s judgment is hereby affirmed.
 

 AFFIRMED
 

 [1]
 

 . The structure was located at 6401 General Haig Avenue, New Orleans, Louisiana.
 

 [2]
 

 . The policy did include flood coverage for the structure.
 

 [3]
 

 . An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.
 

 
 *978
 

 Karam v. St. Paul Fire & Marine Ins. Co.,
 
 281 So.2d 728, 730-31 (La.1973)(citing C.C. 3002 and 3003);
 
 Kieran v. Commercial Union Insurance Company of New York,
 
 271 So.2d 889 (La.App. 4th Cir.1973); Hi
 
 ght v. Stewart,
 
 265 So.2d 640 (La.App. 2d Cir.1972);
 
 Bordelon v. Herculean Risks, Inc.,
 
 241 So.2d 766 (La.App. 3d Cir.1970);
 
 Shrv Teletype Coin Exchange, Inc. v. Commercial Union Insurance Company of New York,
 
 191 So.2d 208 (La.App. 2d Cir.1966);
 
 Arceneaux v. Bellard,
 
 149 So.2d 444 (La.App. 3d Cir.1963);
 
 Brown v. Stephens Buick Company,
 
 139 So.2d 579 (La.App. 4th Cir.1962).
 

 This Court adopted the
 
 Karam
 
 standard in
 
 Taylor v. Sider,
 
 99-2521, p. 3 (La.App. 4 Cir. 5/31/00), 765 So.2d 416, 418 and in
 
 City Blueprint,
 
 2008-1093, p. 5, 3 So.3d at 65.
 

 [4]
 

 . Mr. Heidingsfelder testified that he received the Fidelity National Insurance Co. declaration pages for the policy period of 7/10/05 to 7/10/06, which provided $250,000.00 coverage for the structure and no contents coverage.
 

 [5]
 

 . Mr. Heidingsfelder further testified that he received declaration forms from the flood insurers prior to Hurricane Katrina on several occasions evidencing his coverages, but did not read them. He testified that ‘‘[i]f I read them, I’m capable of understanding them.”
 

 [6]
 

 . Applying those principles to the facts of this case, we find that City Blueprint cannot satisfy the first requirement of Porter, since there was no agreement on behalf by defendants to procure flood insurance on the property. Both Mahoney brothers acknowledged that they never specifically requested that Mr. Boggio obtain flood insur-anee on the property. Both admit that they never asked Mr. Boggio if the policy provided flood insurance. The evidence in the record clearly indicates that the Mahoney brothers did not request that Defendants procure flood insurance for City Blueprint. Thus, City Blueprint cannot show that Mr.
 
 *980
 
 Boggio and Morrison, Inc. breached a duty by failing to procure flood insurance.
 

 City Blueprint,
 
 2008-1093, p. 6, 3 So.3d at 65-66.
 

 [7]
 

 . In
 
 Dobson, supra,
 
 the plaintiffs alleged that their insurance agents failed to tell them that they were underinsured. Like the Ma-honey brothers, the plaintiffs in
 
 Dobson
 
 did not allege that they specifically inquired about a particular type or amount of coverage, but admitted they relied upon their agents to obtain an adequate type and amount of coverage. The court found that the agents had no duty "to spontaneously identify a client’s needs and advise him as to whether he is underinsured or carries the right type of coverage.”
 
 Id.
 
 *10;
 
 See also Parker v. Lexington Ins. Co.,
 
 2006 WL 3328041 (E.D.La.2006) (unpublished). Similarly, in
 
 Whitehead
 
 v.
 
 State Farm Ins. Co.,
 
 2006 WL 3747520, *2 (E.D.La.2006) (unpublished), the court noted that there are no Louisiana cases that impose a duty on an agent to identify a client's needs and advise the client that he is underinsured or does not have the proper type of insurance (observing that an agent would, however, have had a duty if the plaintiffs requested a specific type or amount of insurance that the agent failed to provide). Moreover, the "client is himself considered responsible for adequately advising tire agent of the coverage needed and for reading tire clear provisions of the insurance policy.”
 
 Frischhertz v. Lexington Ins. Co.,
 
 2006 WL 3228385, p. 2 (E.D.La.2006) (unpublished). Thus, City Blueprint’s claim based on Defendants' failure to advise the Mahoney brothers regarding flood insurance is without merit.
 

 City Blueprint,
 
 2008-1093, p. 7, 3 So.3d at 66.