STEWART, J.
| gThe plaintiff, Michael Tillman (“Tillman”), appeals a summary judgment dismissing his claim against the defendant, USAgencies Casualty Insurance Company (“USAgencies”) for uninsured / underin-sured motorist bodily injury (“UMBI”) coverage. We affirm.
FACTS
Tillman, age 21, was injured in an automobile accident on May 27, 2008, when his 1995 Dodge Ram pickup truck was struck from the rear by a vehicle driven by Tommy J. Pritchard. After Pritchard’s insurer paid its policy limits, Tillman sought additional recovery from USAgencies. Tillman’s mother, Paris Carter (“Carter”), had a policy from USAgencies providing coverage from February 7, 2008, to August 8, 2008. The Dodge Ram had been added to the policy on May 16, 2008, shortly before Tillman’s accident. However, Carter rejected UMBI coverage on February 6, 2008, when she completed an application for the policy.
Based on Carter’s rejection of UMBI coverage, USAgencies asserted that no UMBI coverage was available for Tillman and sought summary judgment dismissing his claim. Tillman countered that Carter’s rejection of UMBI coverage was not valid as to his vehicle. He asserted that the insurance agent should have issued a new policy covering the Dodge Ram instead of merely adding it to his mother’s policy. Tillman claimed that the agent was given the Dodge Ram title, which listed him as the owner, and that she knew he did not live with his mother. Citing Holloway v. Shelter Mut. Ins. Co., 2003-896 (La.App. 3d Cir.12/10/03), 861 So.2d 763, writ denied, 2004-0087 (La.3/19/04), 869 So.2d 854, he also argued that his mother could not reject UMBI coverage on his behalf absent his written consent.
The trial court granted summary judgment dismissing Tillman’s claim against USAgencies. The trial court found that Carter, who purchased the insurance and *1011 was the named insured under the policy, executed the waiver of UMBI coverage as required by La. R.S. 22:1295. When she added the Dodge Ram to her policy, a new policy was not created. Carter remained the named insured and was not required to execute another UMBI selection |¡¡form. The trial court found Holloway, supra, addressed infra, to be factually distinguishable.
Tillman now appeals. In four assignments of error, he asserts that (1) USA-gencies should not be permitted to reject his UMBI claim when its agent erroneously failed to issue a new policy covering the Dodge Ram, (2) Carter’s UMBI waiver made in connection with her policy should not apply to him and what should have been his own policy covering the Dodge Ram, (3) Carter could not waive UMBI coverage for him absent a written delegation of authority, and (4) issues of fact exist as to whether Carter’s UMBI waiver was valid.
DISCUSSION
Summary judgments are subject to a de novo review on appeal “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Gray v. American Nat. Property & Cas. Co., 2007-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844, citing Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, 2006-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. Summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B).
The movant has the burden of proof. La. C.C.P. art. 966(C)(2). Here, USA-gencies has the burden of proving the lack of UMBI coverage. To meet this burden, it offered Carter’s insurance application dated February 6, 2008, the UMBI selection form showing her rejection of UMBI coverage on February 6, 2008, and the declaration page showing the addition of the Dodge Ram to her policy on May 16, 2008.
Carter’s application shows that she obtained the statutory minimum of liability coverage for two vehicles, namely, a Jeep Wagoneer and a Ford Focus, for the policy period from February 7, 2008, to August 8, 2008. Carter was the named insured on the policy. Tillman was listed as a member of Carter’s household and a covered person under the policy, except as to use of the Ford Focus for which he was designated an excluded driver. In | connection with her application, Carter executed a UMBI Coverage Form. Her initials are in the blank next to the statement “I do not want UMBI Coverage.” She also signed the document below the following statement:
The choice I made by my initials on this form will apply to all persons insured under my policy. My choice shall apply to the motor vehicles described in the policy and to any replacement vehicles, to all renewals of my policy, and to all reinstatement or substitute policies until I make a written request for a change in my Bodily Injury Liability Coverage or UMBI Coverage.
As shown by declarations pages offered in evidence, the Dodge Ram was added to Carter’s policy on May 16, 2008, and the Jeep Wagoneer was deleted from the policy on May 27, 2008.
A form signed by the insured to reject UMBI coverage “shall remain valid for the life of the policy” and completion of a new *1012 form is not required “when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.” La. R.S. 22:1295(1)(a)(ii). Moreover, “Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms.” Id. Based on these provisions, the addition of the Dodge Ram to Carter’s policy did not require the execution of a new UMBI coverage form. By its submissions in support of its motion for summary judgment, USAgencies established a rejection of UMBI coverage by the named insured, Paris Carter.
A party opposing a properly made and supported motion “must set forth facts showing that there is a genuine issue for trial” to avoid summary judgment being rendered against him. La. C.C.P. art. 967(B). We will first address Tillman’s argument that there are issues of fact as to whether Carter’s rejection of UMBI coverage was valid. Tillman asserts that Carter stated in her deposition, which he relied on in opposing summary judgment, that she did not understand UMBI coverage and that the insurance agent did not discuss it with her. Instead, the agent merely handed her the form to sign.
A properly completed and signed formed creates a rebuttable presumption that the insured knowingly rejected UMBI coverage. La. R.S. |522:1295(l)(a)(ii). The form at issue was properly completed and signed. In her deposition, Carter claimed that she “knew uninsured motorist” but that she did not know exactly what it was or what the options were. She stated that she could not specifically recall conversations about UMBI coverage and that the insurance agent would prepare the forms and tell her where to sign. Though Carter claimed ignorance of UMBI coverage and the available options, the fact remains that she initialed and signed the UMBI form, which set forth and explained the purpose of UMBI coverage and the available options in plain and unambiguous language. Nothing in Carter’s deposition shows that she could not read or was prevented from reading the UMBI selection form or that she was induced to reject UMBI coverage through some error, fraud or duress. Our law is clear that one who signs a document is presumed to have done so with knowledge of its contents, regardless of whether he or she actually read it. Harrell v. Currie, 43,001 (La.App.2d Cir.2/13/08), 975 So.2d 777, unit denied, 2008-0574 (La.5/2/08), 979 So.2d 1286; Thomas v. Goodson, 26,356, p. 5 (La.App.2d Cir.12/7/94), 647 So.2d 1192,1195.
We do not find on this record that an issue of fact exists as to whether Carter’s rejection of UMBI coverage was valid. See Thomas v. Goodson, supra, wherein this court granted the insurer summary judgment dismissing a claim for UMBI coverage where the insured signed the rejection, though claimed she did so without any prior discussion.
Having found Carter’s rejection of UMBI coverage to be valid, we now turn to Tillman’s argument that Carter’s waiver of UMBI coverage is not applicable to him because the insurance agent failed to issue a new policy covering the Dodge Ram and because a new UMBI selection form would have then been required. Tillman refers to his and Carter’s depositions as well as the Dodge Ram title provided to the insurance agent to show that a separate policy should have been issued to insure the Dodge Ram. Moreover, he asserts that the insurance agent, Michelle West (“West”), erroneously added the Dodge Ram to Carter’s policy when she knew that he was not a member of Carter’s household and that *1013 he, not Carter, owned the vehicle. Tillman is apparently seeking reformation of the policy to provide UMBI coverage for his Dodge Ram.
IfiAn insurance policy may be reformed, when due to mutual error or mistake, the policy fails to reflect the true intent of the parties. Earl Williams Construction Co., Inc. v. Thornton & Brooks, Inc., 501 So.2d 1037, 1039 (La.App. 2d Cir.1987), writ denied, 504 So.2d 881 (La.1987); Hebert v. Breaux, 285 So.2d 829, 830-831 (La.App. 1st Cir.1973). If the insurance agent knows the true intention of the policyholder as to the coverage desired, the insurance company is bound by the agent’s knowledge and the erroneously issued policy will be reformed to conform to the original intention. Hebert, supra.
In Hebert, supra, a father contacted the insurer to switch insurance to his son, who was married and to whom he had donated a car. Later, when the son traded in the car for another vehicle, the father again called the insurer to have it insured. However, the insurer never changed the policy to reflect the new insured vehicle or to designate the son as the named insured. When the insurer denied coverage on the basis that the son was not the named insured and did not reside with his father, the court reformed the policy to provide coverage. The court found that the father had fully advised the insurer of his desire to obtain coverage for his son and that the insurer would be bound by the knowledge of its agent as to the parties’ true intent for the policy.
The facts here are distinguishable from those in Hebert, supra. Regardless of what the insurance agent knew about Tillman’s living arrangements or ownership of the vehicle, the depositions of Tillman and Carter show that neither expressed to West the intent to obtain a new policy covering the Dodge Ram with Tillman as the named insured. Tillman explained in his deposition that his mother took care of his insurance needs. She did not consult with him about what coverages he wanted, and he was not even aware of what coverages he had. He merely paid his mother a monthly amount for his insurance. His deposition reflects no intent to have obtained a separate policy or even UMBI coverage for the Dodge Ram. He simply left it up to his mother. We also note that Tillman’s license, a copy of which was provided with the title when the Dodge Ram was added to the policy, showed his address to be the same as Carter’s.
17Carter stated in her deposition that she told Tillman that she would take care of the insurance for his new truck and that she never discussed UMBI coverage with him. Most importantly, Carter stated that she told West that she wanted to add the truck to her policy. Nothing in Carter’s deposition indicates the intent to obtain a separate policy covering the Dodge Ram or UMBI coverage for it. The Dodge Ram was simply added to Carter’s policy as she requested.
Also, we note that Carter did not state in her deposition that she informed West when she added the Dodge Ram to her policy that Tillman had his own residence. Carter merely indicated that she went to West’s office each month to pay her insurance bill and that she had mentioned at some point that Tillman was out on his own. This hardly suffices to show that West would have known when the Dodge Ram was added to Carter’s policy that Tillman had his own residence, especially as his driver’s license indicated otherwise and as Tillman was already designated a member of Carter’s household on her policy.
Tillman seeks to place the onus on West to have written a separate policy *1014 for the Dodge Ram when that was not what Carter requested or even what he directed Carter to obtain. Insurance agents have no independent duty to identify their clients’ needs. Heidingsfelder v. Hibernia Insurance, L.L.C., 2009-0753, p. 4 (La.App. 4th Cir.11/18/09), 25 So.3d 976, 978. As recently discussed in Isidore Neuman School v. J. Everett Eaves, Inc. and Westport Insurance Corp., 2009-2161 (La.7/6/10), 42 So.3d 352, it is the client who has the duty and responsibility to determine the coverage needed, advise the agent of those needs, and then to review the policy to determine whether it meets his needs.
We find that Tillman has not come forth with evidence to show there is a genuine issue of fact for trial. It is clear from his and Carter’s depositions that neither intended to get a separate policy covering his Dodge Ram. As requested by Carter, the Dodge Ram was added to her policy, which did not include UMBI coverage. We are not faced with a situation where the insurer is declining liability coverage due to the fact that Tillman, not Carter, owned the vehicle. Here, the policy simply does not provide [8UMBI coverage for any listed vehicle as that coverage was properly rejected by Carter.
Lastly, we find no merit to Tillman’s argument that Carter’s UMBI waiver is invalid as to him because he did not give her written authority to reject UMBI coverage on his behalf. Tillman bases this argument on Holloway, supra, which held that a mother could not without written authorization waive UMBI coverage on behalf of her adult son. In that case, the son was the named insured, had spoken to his insurance agent about what coverages he wanted, and had informed the agent that his mother would execute the necessary documents on his behalf, including a waiver of UMBI coverage. In contrast to Holloway, supra, we have here the named insured, Carter, who waived UMBI coverage for her policy. Carter did not waive UMBI coverage on behalf of Tillman under his own policy. Holloway, supra, does not apply in this situation.
Because USAgencies has shown that Carter waived UMBI coverage and because Tillman has not shown that there is a genuine issue of fact for trial as to the validity of Carter’s waiver or as to suggest that the policy should be reformed, we find that summary judgment was properly granted.
CONCLUSION
For the reasons stated, we affirm the trial court’s summary judgment in favor of USAgencies. Costs of appeal are assessed against the appellant, Michael Tillman.
AFFIRMED.
BROWN, C. J., dissents with written reasons.