|1SAUNDERS, Judge.
This is an action to annul two final judgments rendered in previous lawsuits between these parties. The trial court granted defendant’s exception of no cause of action and dismissed plaintiffs lawsuit with prejudice. Plaintiff appeals. Defendant answered the appeal and asked that we review several interlocutory judgments of the trial court.
Although we find that plaintiff has stated a cause of action, and therefore, reverse the trial court’s ruling on that issue, we also reverse the trial court’s denial of the defendant’s motion for summary judgment. Therefore, plaintiffs claim is dismissed on summary judgment.

|2FACTS

Sylvester filed suit to obtain a separation from Kyles and to have the matrimonial contract declared valid on April 19, 1990, hereinafter referred to as Suit # 1. Kyles then filed suit on May 5, 1990, to declare the matrimonial contract invalid, hereinafter referred to as Suit # 2. Thereafter, Sylvester and Kyles executed a community property settlement which was incorporated into their judgment of separation in Suit # 1. Kyles then moved to dismiss his suit with prejudice which was granted by judgment rendered in Suit # 2. These judgments were not appealed.
Kyles in the instant action seeks to annul the final judgment rendered in their separation proceeding (Suit # 1) and the final judgment rendered in his action to annul their matrimonial contract (Suit # 2). He asserts as one of the grounds for declaring these judgments null and void that he was defrauded by Sylvester into agreeing to the community property settlement. Specifically, Kyles alleges that Sylvester misrepresented the value of Multi-Care, Inc., hereinafter referred to as MCI.
Defendant filed an exception of no cause of action, an exception of no right of action, an exception of res judicata, and a motion for summary judgment. The exception of no cause of action was granted by the trial court. The remaining exceptions and motion were denied.
Plaintiff appeals and defendant answers the appeal asking that we review the trial court’s denial of the remaining exceptions and the motion for summary judgment.

ASSIGNMENT OF ERROR

The plaintiff asserts that the trial court was manifestly erroneous in granting appel-lee’s exception of no cause of action.
*382 JsLAW — NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the plaintiffs petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced by either party to support or to controvert the objection of no cause of action. Id. The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact accepted as true. Young v. Central Louisiana Legal Services, Inc., 432 So.2d 1072 (La.App.3d Cir.1983). Any doubts as to the sufficiency of the petition must be resolved in favor of the sufficiency of the petition to state a cause of action. Id.
Applying the above principles to the case sub judice, we look to the allegations of plaintiffs petition and supplemental and amending petition, and accepting these facts as true for the purpose of deciding the exception of no cause of action, we determine that the plaintiff has stated a cause of action for which the law affords a remedy. La.C.C.P. Art. 2004 provides that a final judgment may be annulled if it is obtained by fraud or ill practices. Plaintiff has alleged that the defendant induced him into agreeing to the community property settlement, which was incorporated into the judgment of separation in Suit # 1, by fraudulently concealing the value of MCI. He further alleges that he voluntarily dismissed the second suit, resulting in the judgment of dismissal in Suit # 2, due to the fraudulently obtained community property settlement.
In the judgment granting the exception of no cause of action, the trial court concluded that plaintiff could have prevented the alleged fraud by compelling discovery in either Suit # 1 or Suit # 2 regarding the value of MCI, and therefore, pursuant to La.C.C. Art. 1954, the fraud alleged in plaintiffs petition did not ^destroy his consent. However, in order to make these determinations, the trial court improperly went beyond the facts alleged in the petition. See Everything on Wheels, supra; Young, supra. Therefore, we find that the trial court erred in granting defendant’s exception of no cause of action.

DEFENDANT’S ANSWER TO APPEAL

In defendant’s answer to the appeal, she asserts that the trial court erred in denying her motion for summary judgment, exception of res judicata, and exception of no right of action. Generally, interlocutory judgments which do not cause irreparable harm are not appealable. However, when a judgment is rendered in a case which is appealable, the appellate court can then review the prior interlocutory judgment. People of the Living God v. Chantilly Corp., 251 La. 943, 207 So.2d 752 (1968); Firemen’s Pension and Relief Fund v. Boyer, 420 So.2d 1323 (La.App.3d Cir.1982).
In Smith v. Cliff’s Drilling Co., 562 So.2d 1030, 1031-32 (LaApp. 3d Cir.1990), the court observed that La.C.C.P. Art. 2083 “serves to promote judicial efficiency and prevent piecemeal appeals.” In furtherance thereof, the court decided to review an interlocutory order in addition to the final appeal-able judgment. The court reasoned that the record contained all pretrial proceedings and review of the interlocutory judgment would expedite the final resolution of the case. In accordance with this reasoning, we will review the correctness of the interlocutory judgments raised in defendant’s answer to appeal. However, because we find that the trial judge erred in denying defendant’s motion for summary judgment, we pretermit discussion of the exceptions of res judicata and no right of action.
| fLAW — SUMMARY JUDGMENT
An appellate court reviews summary judgments de novo under the same standard that governs the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993). This standard is set forth in La.C.C.P. Art. 966(B) which provides that a summary judgment shall be rendered in favor of the moving party “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine *383 issue as to material fact, and that mover is entitled to judgment as a matter of law.”
The burden is on the mover to establish that no material facts exist. A fact is material if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Additionally, facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
All proof presented is to be viewed in a light most favorable to the non-mover. The mover must show that it is quite clear what the truth is and that no doubt remains as to the existence of a genuine issue of material fact. Only when this standard is met does the burden shift to the opposing party to present evidence showing that material facts are still at issue. La.C.C.P. Arts. 966-967. Hopkins v. Sovereign Fire & Cas. Ins., 626 So.2d 880, 884 (La.App.3d Cir.1993), writs denied, 94-0154, 93-2958 (La. 3/11/94), 634 So.2d 390, 402, citing South Louisiana Bank v. Williams, 591 So.2d 375 (La.App.3d Cir.1991), writ denied, 596 So.2d 211 (La.1992).
leAt the hearing on the motion for summary judgment, defendant introduced her affidavit stating that she did not tell the plaintiff that MCI had no value. In addition to her affidavit, defendant also introduced a copy of the community property agreement which states that it was entered into “after careful consideration.” Plaintiff, in his petition and in argument at the hearing, maintains that the defendant deceived him as to the value of MCI.([1])
La.C.C. Art. 1954 provides that fraud does not vitiate consent when the party claiming to have been defrauded could have ascertained the truth without difficulty, inconvenience, or special skill. This principle applies to actions to annul judgments. Homer National Bank v. Nix, 566 So.2d 1071 (La.App.2d Cir.), writ denied, 569 So.2d 985 (La.1990).
We agree with the trial court’s assertion in its written reasons for judgment granting the exception of no cause of action, that the plaintiff could have compelled discovery in either of his previous lawsuits in order to determine the value of MCI. Therefore, whether the defendant deceived the plaintiff is not a material fact at issue in this matter, because the plaintiff could have prevented any fraud allegedly perpetrated against him without difficulty, inconvenience, or special skill. Therefore, we find that there is no material fact at issue and defendant is entitled to judgment as a matter of law pursuant to La.C.C. Art. 1954.
Based on the foregoing, we find that the trial court erred in denying defendant’s motion for summary judgment. Summary judgment is granted in favor of the defendant, and plaintiffs claim is dismissed with prejudice.

^DECREE

For the foregoing reasons, the judgment of the trial court sustaining defendant’s exception of no cause of action is reversed. The trial court’s judgment denying the defendant’s motion for summary judgment is reversed, and summary judgment is granted in favor of the defendant dismissing plaintiffs claims.
DISMISSAL OF CASE AFFIRMED BUT ON OTHER GROUNDS.

. We note on review of the record that plaintiff did not file an affidavit opposing the motion for summary judgment until several months after the hearing on the motion. Under La.C.C.P. Art. 967 this affidavit should not be considered on appeal. Even considering this affidavit, it does not show that plaintiff attempted to or was prevented from discovering the value of MCI.