GUIDRY, J.
 

 | gPlaintiff, Nelda Dural appeals from a judgment sustaining defendants’, Louisiana Board of Cosmetology, Jackie Bur-dette, Executive Director, Jill Waggoner, Nelma Badon, Melanie Broussard and the Examination Team, peremptory exceptions raising the objections of no cause of action and no right of action.
 
 [1]
 
 For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Nelda Dural is the owner of Iberia Cosmetology Institute (Iberia). On December 3, 2005, three employees of the Louisiana State Board of Cosmetology (Board) conducted an inspection of Iberia. Thereafter, on December 8, 2006, Dural filed a petition for damages against the Board, the Board’s Executive Director, and the three Board employees who conducted the investigation, asserting that the Board conducted the inspection contrary to its established standards and practices. Additionally, Dural alleged that the Board failed to assign Iberia a testing number until November 2006, approximately two years and nine months after the school was opened. According to Dural’s petition, the failure to timely assign Iberia a testing number resulted in Iberia’s students being segregated during the examination process and caused Iberia’s students to assume that their tests were not being graded anonymously. As a result of the inspection and the failure to timely assign a testing number, Dural sought damages for her pain, suffering, and humiliation.
 

 On April 27, 2007, defendants filed numerous exceptions.
 
 [2]
 
 At the hearing |non these exceptions, the trial court ruled that
 
 *877
 
 Dural’s petition failed to state a cause of action with regard to her claim that the defendants did not follow the procedures and practices in conducting the inspection of Iberia. Additionally, the trial court determined that Dural did not establish a right of action with regard to her claim involving the Board’s failure to timely issue a testing number. Thereafter, the trial court signed a judgment sustaining the defendants’ peremptory exceptions raising the objections of no cause of action and no right of action and dismissed Dural’s petition. Dural now appeals from that judgment.
 

 DISCUSSION
 

 No Cause of Action
 

 The purpose of the peremptory exception raising the objection of no cause of action is to determine the sufficiency in law of the petition.
 
 Clegg v. U.S.Ageneies Insurance Company,
 
 07-1781, p. 5 (La. App. 1st Cir.3/26/08), 985 So.2d 781, 784. In ruling on a peremptory exception raising the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the petition were proven at trial.
 
 Badeaux v. Southwest Computer Bureau, Inc.,
 
 05-0612, p. 7 (La.3/17/06), 929 So.2d 1211,1217.
 

 In reviewing a trial court’s ruling sustaining an exception raising the objection of no cause of action, appellate courts conduct a
 
 de novo
 
 review, because the exception raises a question of law, and the trial court’s decision is based solely on the sufficiency of the petition.
 
 Badeaux,
 
 05-0612 at p. 7, 929 So.2d at 1217. An exception raising the objection of no cause of action should be sustained only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
 
 Badeaux,
 
 05-0612 at p. 7, 929 So.2d at 1217.
 

 Dural asserts in her petition that the defendants failed to follow the Board’s standards and practices in conducting an inspection of Iberia on December 3, 2005. |4Section 575 of Title 37 of the Louisiana Revised Statutes provides that “[t]he [B]oard shall be responsible for the control and regulation of the practice of cosmetology and shall ... [ijnspect during hours of operation any licensed, permitted, certified, or registered facility or school, including but not limited to pertinent records, for the purpose of determining if any provisions of law governing the practice of cosmetology are being violated.” La. R.S. 37:575(A)(10).
 

 Further, in accordance with La. R.S. 37:575(A)(2), the Board enacted rules and regulations to carry out the purposes of and to enforce the provisions of the Louisiana Cosmetology Act, which are located in La. Admin. Code tit. 46, § 101, et seq. (2007). Particularly, § 901 A provides that “[[Inspectors and employees of the [B]oard are entitled to enter any premises licensed by the [B]oard, to interview any person present at the facility and to examine all work records pertaining to the cosmetology profession during the regular business hours of the facility.”
 

 In her petition, Dural asserts that the Board’s inspection of Iberia was contrary to established standards and practices of the Board and was contrary to the Board’s regulations. The only factual allegation in the petition regarding the inspection was that of the three Board employees who conducted the inspection, only two were inspectors, Badon and Waggoner, but they were not assigned to Iberia parish, and the third, Broussard, was only employed in a clerical capacity. However, § 901 A specifically permits inspectors
 
 and
 
 employees of the Board to enter the
 
 *878
 
 premises, interview any person present at the facility, and examine all work records during regular business hours. Further, there is no restriction that an inspector must be assigned to the parish where the inspection occurs. Accordingly, we find that taking the facts in Dural’s petition as true, her petition fails to state a 15cause of action, and the trial court was correct in sustaining the defendants’ exception.
 
 [3]
 

 No Right of Action
 

 The peremptory exception raising the objection of no right of action relates specifically to the person of the plaintiff, questioning whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation.
 
 Horrell v. Horrell,
 
 99-1093, p. 5 (La.App. 1st Cir.10/6/00), 808 So.2d 363, 367-368,
 
 'writ denied,
 
 01-2546 (La.12/7/01), 803 So.2d 971. Whether a plaintiff has a right of action is a question of law and the aver-ments of fact in the petition will be accepted as true, in the absence of evidence to the contrary.
 
 Horrell,
 
 99-1093 at p. 5, 808 So.2d at 368.
 

 Dural asserts in her petition that the Board failed to assign Iberia a testing number until November 2006, approximately two years and nine months after Dural opened Iberia. At the time Dural filed her petition for damages in December of 2006, Iberia had received the testing number. However, Dural asserted in her petition that the delay in assigning the testing number resulted in Iberia’s
 
 students
 
 being segregated from other students during the examination process and consequently, caused the
 
 students
 
 to assume that their tests were not being graded anonymously as were the tests of students from other beauty schools. Based on these facts, it would be the students, and not Dural, who would have a right of action against the Board for any adverse consequences as a result of the Board’s conduct during the examination process. Accordingly, taking the facts in Dural’s petition as true, we find that Dural has failed to establish a right of action against | (¡the defendants and the trial court was correct in sustaining the defendants’ exception.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court, granting the defendants’ exceptions raising the objections of no cause of action and no right of action and dismissing Dural’s claims. All costs of this appeal are to be borne by the appellant, Nelda Dural.
 

 AFFIRMED.
 

 [1]
 

 . On September 10, 2007, the date of the hearing on defendants' exceptions, Dural acknowledged that the Examination Team is not an entity capable of being sued. As such, Dural moved that her petition be amended to strike the Examination Team as a party to the suit, and the trial court granted that motion.
 

 [2]
 

 . In addition to the peremptory exceptions raising the objections of no right of action and no cause of action, which are the subject of the judgment on appeal, the defendants also filed a peremptory exception raising the objection of prescription and peremption, decli-natory exceptions raising the objections of insufficiency of service and insufficiency of citation, and dilatory exceptions raising the objections of lack of procedural capacity, improper joinder of a party, and vagueness and ambiguity of the petition.
 

 [3]
 

 . We note that Dural asserts in brief on appeal that La. R.S. 49:964 provides her with a cause of action. However, La. R.S. 49:964 only applies to judicial review of a final decision or order in an adjudication proceeding. There is no factual allegation in the petition that Dural is complaining about the result of the inspection and/or contents of the inspection report, nor that she disputed the Board’s findings at a hearing before the Board and that the Board ruled adversely to her.
 
 See
 
 La. Admin. Code tit. 46, § 903 (2007). Accordingly, we find this argument to be without merit.