29 So.3d 647 (2009)
Paula Horn GREENLAND
v.
Richard L. GREENLAND.
No. 2008 CA 2568.
Court of Appeal of Louisiana, First Circuit.
December 9, 2009.
Writ Denied March 5, 2010.
*649 Craig J. Robichaux, Ryan G. Davis, Mandeville, LA, for Plaintiff/Appellee, Paula Horn Greenland.
Roy S. Lilley, Covington, LA, for Defendant/Appellant, Richard L. Greenland.
Richard L. Greenland, Covington, LA, in proper person.
Before CARTER, C.J., GUIDRY, PETTIGREW, McDONALD, and WELCH, JJ.
GUIDRY, J.
An ex-husband appeals a judgment dismissing his rule to terminate permanent spousal support, or in the alternative, to nullify a matrimonial agreement pursuant to a peremptory exception sustained on the grounds of prescription and no cause of action. Finding that the trial court improperly sustained the exception, we reverse and remand this matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY
A judgment signed August 23, 2004, terminated the marriage of Paula Horn Greenland and Richard L. Greenland. No children were born to the parties during the marriage, and by a matrimonial agreement executed on August 25, 2004, and approved by the trial court on August 27, 2004, the community property acquired during the marriage was partitioned in accordance with the parties' agreement.[1] Included among the provisions contained in the matrimonial agreement is the following clause:
Richard is to pay Paula $1,900.00 per month, $1,200.00 spousal support and $700.00 per month for insurance payment *650 ... until she reaches age 65, at which time the amount will reduce to the amount of the insurance policy. The spousal support is only able to be terminated by death or remarriage and can not be modified except for the permanent disability of Richard.
On August 8, 2007, Richard filed a rule to terminate his obligation to pay spousal support as provided in the matrimonial agreement, or in the alternative, to have the matrimonial agreement declared null, based on Paula's alleged act of living in open concubinage. Richard later filed a supplemental and amending rule, or in the alternative, petition to declare the matrimonial agreement null, wherein he alleged that his consent was vitiated by fraud in that Paula misrepresented her means of support. Paula peremptorily excepted to Richard's rule, raising the objections of prescription and no cause of action, and further filed a dilatory exception raising the objection of unauthorized use of summary proceedings. The trial court sustained the peremptory exception on the grounds of prescription and no cause of action and dismissed Richard's rule to terminate his obligation of spousal support, which judgment Richard appeals.[2]

DISCUSSION
In this appeal, Richard contends that the trial court erred in sustaining Paula's peremptory exception on the grounds of prescription and no cause of action. To determine whether the trial court properly sustained the peremptory exception, we must consider both the nature of Richard's claim and the applicable prescriptive period.
Richard seeks to terminate his obligation to pay spousal support, or essentially to nullify that portion of the matrimonial agreement providing for the payment of spousal support, on the basis of error or fraud, or, in the alternative, to have the entire matrimonial agreement declared null and void. The matrimonial agreement, however, was reduced to a consent judgment, so in order to terminate his obligation to pay the spousal support, it is the consent judgment, and not simply the matrimonial agreement, that must be nullified. Nevertheless, a compromise agreement that forms the basis for a consent judgment gets its binding force and effect from the consent of the parties. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La. App. 1st Cir.1991). As the source of the consent judgment was the matrimonial agreement, to the extent that Richard is able to prove that his consent to the underlying matrimonial agreement was vitiated, it can thereby be established that the consent judgment emanating therefrom was obtained by ill practices. See Morris v. East Baton Rouge Parish School Board, 93-2396, pp. 5-6 (La.App. 1st Cir.3/3/95), 653 So.2d 4, 6-7, writ denied, 95-0852 (La.5/5/95), 654 So.2d 335.
The obligation to pay spousal support was assumed by Richard in the same agreement wherein the parties partitioned the community property acquired during the existence of their marriage. According to the Louisiana Civil Code, a contract is an agreement by two or more parties whereby obligations are created, modified, *651 or extinguished and is formed by the consent of the parties established through offer and acceptance. La. C.C. arts. 1906 and 1927, respectively. If the requirements for the formation of a contract have not been met, then a contract is deemed null. La. C.C. art. 2029. However, nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision. La. C.C. art. 2034.
Consent, which is necessary for the formation of a valid contract, may be vitiated by error, fraud, or duress. La. C.C. art. 1948. In order to establish that a party's consent to a contract has been vitiated due to error, the error must concern a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949. Cause is defined as the reason why a party obligates himself La. C.C. art. 1967.
Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation.
La. C.C. art. 1950. However, in order to establish that a party's consent has been vitiated due to fraud, the error need not concern the cause of the obligation, but it must concern a circumstance that has substantially influenced the party's consent. La. C.C. art. 1955.
In its oral reasons for judgment, the trial court stated the following:
Now, this agreement was not an agreement or like a marriage in the Court's view, that would obligate these parties to fidelity. Okay? If Mr. Greenland had wished or desired or so intended that his support obligation ceased upon Mrs. Greenland's entering into another relationship, he could have included that provision in this agreement.
From this statement, it is clear that the trial court considered the underlying substantive issue of Richard's cause or the reason why Richard obligated himself to pay spousal support in the framework of deciding the procedural objections of no cause of action and prescription raised by Paula in the peremptory exception. In deciding the merits of Richard's rule to rescind his obligation to pay spousal support, or in the alternative to annul the consent judgment, the trial court would need to determine whether the error claimed by Richard concerned the cause for which he obligated himself to pay spousal support, see La. C.C. art. 1949, or a circumstance that substantially influenced Richard's consent to pay spousal support, see La. C.C. art. 1955. However, the trial court improperly substituted this determination of the merits of the dispute for a determination of the procedural issues of whether Richard had timely asserted a valid cause of action to annul, in whole or in part, the consent judgment. See Kyles v. Sylvester, 94-1367, pp. 3-4 (La. App. 3d Cir.4/5/95), 654 So.2d 380, 382, writ denied, 95-1552 (La.9/29/95), 660 So.2d 875. Without considering the merits of his claim and based on the legal principles previously outlined and the allegations of Richard's amended rule, we find that Richard has asserted a valid cause of action and that the same was timely asserted.
The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged in *652 the pleading. Ourso v. Wal-Mart Stores, Inc., 08-0780, pp. 3-4 (La.App. 1st Cir.11/14/08), 998 So.2d 295, 298, writ denied, 08-2885 (La.2/6/09), 999 So.2d 785. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Ourso, 08-0780 at 4, 998 So.2d at 298. In ruling on a peremptory exception raising the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the pleading were proven at trial. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, appellate courts conduct a de novo review, because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the pleading. Dural v. Louisiana State Board of Cosmetology, 08-0929, p. 3 (La.App. 1st Cir.12/23/08), 4 So.3d 874, 877. An exception raising the objection of no cause of action should be sustained only when it appears beyond doubt that the party can prove no set of facts in support of any claim which would entitle him to relief. Dural, 08-0929 at 3, 4 So.3d at 877.
The matrimonial agreement executed by the parties constitutes a compromise.[3]See La. C.C. art. 3071. Compromises cannot be attacked because of error of law, but may be rescinded because of error of fact or fraud. La. C.C. art. 3082. A compromise instrument is governed by the same general rules of construction applicable to contracts. Crawford v. United Service Automobile Association, 03-2117, p. 6 (La.App. 1st Cir.3/24/05), 899 So.2d 668, 671. Contracts of compromise may be vitiated by error of fact bearing on the principal cause, and may be rescinded whenever there exists an error on the matter in dispute. Pittman v. Pittman, 01-2528, p. 4 (La.App. 1st Cir.12/20/02), 836 So.2d 369, 372, writ denied, 03-1365 (La.9/19/03), 853 So.2d 642.
In the original rule to terminate permanent spousal support filed by Richard, he alleged:
On information and belief and on the admission of ... Paula ..., the said Paula ... cohabited in the manner of married persons with one Jay Furca, a person of the full age of majority and a resident of the State of Arizona, ... well prior to the parties' divorce, for a period in excess of two (2) years....
....
Following her co-habitation as set forth above, [Paula] moved back to Louisiana and upon information and belief, and an admission from plaintiff, began cohabitating in the manner of married persons with one Thomas Terrell ... and is continuing to cohabit with the said Mr. Terrell currently.
In his amended rule, Richard alleged
Subsequent to the time [Paula] filed her Motion For Contempt, it was learned from discovery of certain e-mail [sic] that shows that in truth and in fact... [Paula] was living openly with one Jay Apural in Arizona, in his home, he was paying all of her living expenses as well as travel expenses to and from Louisiana.
Richard further alleged that had he "been aware of the fact that Paula ... was being *653 supported by a third party, he would not [have] agreed to pay any permanent spousal support to her other than medical expenses." He further alleged that Paula "made an overt attempt to hide the fact that she was being supported by a third party at the time she was negotiating with [him] for spousal support" and that she hid "her true living arrangements, and the sources of her living expenses, and her failure to negotiate the Matrimonial Agreement in good faith constituted actual fraud on her behalf rendering the Matrimonial Agreement and agreement to pay spousal support by [him] null and void." Considering these facts as alleged in Richard's original and amended rule, we find that Richard does state a cause of action for rescission or nullification of his obligation to pay spousal support.
Additionally, the trial court's ruling sustaining the peremptory exception on the ground of prescription must likewise be reversed. An action to annul a judgment on the grounds of fraud or ill practices must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La. C.C.P. art. 2004(B). The one-year limitation to file an action to annul is a period of peremption, and the burden of proof to show that a nullity action was brought within one year of the discovery of the fraud or ill practice is on the proponent of the nullity action. Ellison v. Ellison, 06-0944, p. 4 (La.App. 1st Cir.3/23/07), 960 So.2d 155, 157. The issue of peremption may be properly raised through the peremptory exception raising the objection of prescription. Matherne v. Broussard, 06-0838, p. 3 n. 2 (La.App. 1st Cir.2/14/07), 959 So.2d 975, 977 n. 2. At the trial of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Scott v. Sears, Roebuck and Company, 99-0571, p. 5 (La.App. 1st Cir.12/22/00) 778 So.2d 50, 53
The only indication of when Richard discovered the alleged error or fraud is a statement in his amended rule that "[s]ubsequent to the time [Paula] filed her Motion For Contempt, it was learned from discovery of certain e-mail that shows that in truth and in fact ... Paula ... was living openly with one Jay Apural."[4] There was no evidence presented to show that Richard knew or should have known that Paula was living in open concubinage at the time the parties' matrimonial agreement was approved and made the judgment of the trial court or some earlier time beyond the applicable peremptive period; and since, on the face of the pleading, there is no showing that the action is perempted, we conclude that the sustaining of the peremptory exception on the grounds of prescription was in error. See also La. C.C.P. art. 934 ("When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.") and Civello v. Johnson, 567 *654 So.2d 643, 649 (La.App. 4th Cir.), writ denied, 569 So.2d 987 (La.1990) (wherein the court reversed the judgment decreeing annulment of an earlier judgment and remanded the matter to the trial court to allow the proponent of the action to annul an opportunity to establish that it discovered the alleged fraud or ill practice within the applicable peremptive period).

CONCLUSION
For the foregoing reasons, we find that the trial court erred in sustaining the peremptory exception filed by Paula Horn Greenland on the grounds of no cause of action and prescription and we hereby reverse the judgment of the trial court sustaining the exception. We further remand this matter to trial court for further proceedings. All costs of this appeal are assessed to Paula Horn Greenland.
REVERSED AND REMANDED.
CARTER, C.J., dissents with reasons.
WELCH, J., dissent with reasons assign by CARTER, J.
CARTER, C.J., dissents and assigns reasons.
CARTER, C.J., dissenting.
I respectfully disagree with the majority's opinion regarding the peremptory exception raising the objection of no cause of action. Mr. Greenland is attacking a matrimonial agreement that is a final judgment of the court. Therein, Mr. Greenland agreed to pay spousal support, with the only causes for termination being death or remarriage. I respectfully submit that it is not the province of the courts to nullify an agreement of the parties, later reduced to a final judgment, simply because one party later concludes he "struck a bad deal." If the agreement was that spousal support could be terminated by a party's cohabitation in the manner of married persons, such a provision easily could have been included in the agreement later reduced to a judgment.[1] Thus, even accepting all of Mr. Greenland's allegations as true, in my opinion he does not state a cause of action for nullity of the judgment on the basis of fraud.
Therefore, I respectfully dissent.
NOTES
[1] The parties later executed an addendum to the matrimonial agreement on December 1, 2006, amending the agreement and pursuant to the joint motion of the parties, the addendum was approved by the trial court.
[2] In her appellee's brief, Paula argues that the rule to terminate Richard's obligation to pay spousal support was an unauthorized use of summary proceedings. However, in the judgment, the trial court expressly decreed that "the exception of unauthorized use of summary proceeding[s] ... is hereby denied as moot." Paula did not answer the appeal or file a separate appeal contesting this ruling by the trial court. As such, the issue of whether Richard's rule is an unauthorized use of summary proceedings is not before us and will not be addressed in this opinion.
[3] In the introductory paragraph of the matrimonial agreement, which is captioned "Matrimonial Agreement Partitioning Community Property and Settling Claims between the Parties," the parties declared "that they now desire to settle and liquidate the community which formerly existed between them and that they have agreed to settle the same in the manner hereinafter set forth."
[4] Notably, Richard's original rule was filed on August 8, 2007, prior to the filing of Paula's motion for contempt, which according to the record before us was filed on September 6, 2007. However, the record reveals that on July 6, 2007, the trial court held a joint hearing on a rule for contempt filed by Richard and a motion to amend the matrimonial agreement filed by Paula. Both actions were dismissed by the trial court in a judgment signed September 11, 2007.
[1] The matrimonial agreement provided, in part:

The spousal support is only able to be terminated by death or remarriage and can not be modified except for the permanent disability of Richard.