# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2020 CA 1247

## LORRAINE LACROIX

### VERSUS

## DR. CHARLES T. COLEMAN, DDS, CHARLES T. COLEMAN, DMD, A PROFESSIONAL DENTAL CORPORATION, AND ABC INSURANCE COMPANY

*DATE OF JUDGMENT:*  **MAY 1 9 2021**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 657418, SECTION 27, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE DONALD R. JOHNSON, JUDGE

* * * * * *

| | |
|---|---|
| Richard H. Barker, IV<br>New Orleans, Louisiana | Counsel for Plaintiff-Appellee<br>Lorraine LaCroix |
| David A. Woolridge, Jr.<br>Brent J. Bourgeois<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Louisiana Patient's Compensation<br>Fund Oversight Board |
| Thomas C. Cowan<br>Leah T. Therio<br>Metairie, Louisiana | Counsel for Defendant-Appellant<br>Charles T. Coleman, DDS |
| Jacob K. Best<br>Stephen M. Pizzo<br>Metairie, Louisiana | Counsel for Defendant-Appellant<br>Charles T. Coleman, DMD, A<br>Professional Dental Corporation |

* * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: **REVERSED.**

**CHUTZ, J.**

Defendants-appellants, Charles T. Coleman, DDS, individually, and Charles T. Coleman, DMD, Professional Dental Corporation (collectively Dr. Coleman), appeal the trial court's judgment, granting nullity relief on the basis of fraud or ill practice to plaintiff-appellant, Lorraine LaCroix, expressly vacating a consent judgment the parties had entered into that dismissed her medical malpractice claims against Dr. Coleman for alleged negligent dental care. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2015, LaCroix had implants and snap-in dentures placed by Dr. Coleman. Following constant pain and the failure of the dentures, Dr. Coleman removed all of LaCroix's lower teeth and placed a full lower denture. Despite the adjustment, LaCroix continued to suffer constant pain. In November of 2016, LaCroix received a second opinion which suggested that she had to have all the work performed by Dr. Coleman removed and replaced. LaCroix subsequently filed a petition for medical malpractice against Dr. Coleman.

Dr. Coleman filed a dilatory exception objecting on the basis of prematurity, contending that LaCroix had failed to complete the medical review panel process required by the Louisiana Medical Malpractice Act (MMA) prior to filing her lawsuit. Attached to the memorandum in support of the exception of prematurity was a certificate of liability insurance dated May 15, 2017, as well as a written complaint, dated October 18, 2016, to the commissioner of administration sent by LaCroix's attorney and a notice from the Division of Administration, Medical Malpractice Compliance Director of the Patient's Compensation Fund (PCF), dated February 13, 2017, advising Dr. Coleman he was not a qualified healthcare provider because he "failed to purchase an Extended Reporting Endorsement." Despite the notification that he was not a qualified health care provider, Dr.

Coleman nevertheless maintained that the PCF had incorrectly determined he was not eligible for participation in the medical review panel process.

Prior to the hearing on the prematurity exception, on October 16, 2017, the parties filed a joint motion to dismiss LaCroix's claims against Dr. Coleman. A consent judgment, which dismissed the medical malpractice claims without prejudice, was signed by the trial court on October 17, 2017.

LaCroix filed a petition for a judgment of nullity on November 5, 2019.[1] According to the allegations of LaCroix's pleading, she resubmitted her claim to the PCF after the October 17, 2017 judgment and, again, the PCF advised of Dr. Coleman's non-qualification for participation in the medical review panel process.[2] Therefore, LaCroix claimed, she was entitled to a judgment of nullity vacating the consent judgment that dismissed her claims against Dr. Coleman.

After a hearing held on January 13, 2020, at which testimonial and documentary evidence was adduced, the trial court issued a judgment, granting nullity relief to LaCroix and vacating the consent judgment that the parties had entered into on October 17, 2017. This appeal by Dr. Coleman followed.

---

[1] A nullity action based on vice of substance (fraud or ill practice) is properly instituted as a direct action, which should be instituted by petition, with citation and proper service of process, utilizing an ordinary proceeding. See *Meadows v. Adams*, 2018-1544 (La. App. 1st Cir. 11/9/20), --- So.3d ----, 2020 WL 6561608, at *5. Although LaCroix captioned her pleading "Petition for Judgment of Nullity," she set the matter for a contradictory hearing by a rule to show cause. At the hearing, both sides argued and offered evidence after which the trial court took the matter under advisement and then summarily decided the case on its merits. Although an action for nullity is an ordinary proceeding and should not be summarily determined, because LaCroix filed the nullity action in the same case number that produced the consent judgment and, therefore, has not collaterally attacked the October 17, 2017 judgment, and Dr. Coleman, who appeared at the proceeding, did not assert a dilatory exception raising the objection of unauthorized use of summary proceedings prior to the time the matter was assigned for trial, the objection was waived. See La. C.C.P. art. 926; *Hyde v. Cash Control Sys., L.L.C.*, 2014-0258 (La. App. 4th Cir. 9/3/14), 150 So.3d 7, 12-13.

[2] Although LaCroix asserted an alternative claim for declaratory relief, the trial court did not reach the issue of LaCroix's entitlement to such relief and, on appeal, Dr. Coleman has raised no issues regarding the alternative relief.

3

## PEREMPTION

On appeal, Dr. Coleman contends that the trial court erred in failing to find that LaCroix's claim for nullity relief was untimely asserted. We agree.

La. C.C.P. art. 2004 provides in pertinent part:

> A. A final judgment obtained by fraud or ill practices may be annulled.

> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.[3]

The one-year limitation to file an action to annul under Article 2004 is a period of peremption,[4] and the burden of proof to show that a nullity action was brought within one year of the discovery of the fraud or ill practice is on the proponent of the nullity action. *Greenland v. Greenland*, 2008-2568 (La. App. 1st Cir. 12/9/09), 29 So.3d 647, 653, writ denied, 2010-0004 (La. 3/5/10), 28 So.3d 1011. Although Dr. Coleman did not file a peremptory exception objecting to the timeliness of LaCroix's petition, the lapse of the one-year preemptive period may be noticed by the court on its own motion. See La. C.C. art. 3460; La. C.C.P. art. 927B; *A.S. v. M.C.*, 96-0948 (La. App. 1st Cir. 12/20/96), 685 So.2d 644, 648-49, writ denied, 97-0213 (La. 3/14/97), 690 So.2d 38.

At the hearing, LaCroix's attorney, Richard Hobbs Barker, IV, testified that after he filed a claim on behalf of LaCroix with the PCF, the PCF advised him that Dr. Coleman was not a qualified healthcare provided under the MMA. He thereafter filed LaCroix's medical malpractice lawsuit. In response, Dr. Coleman filed an exception of prematurity. Barker explained that counsel for Dr. Coleman

---

[3] LaCroix did not set forth any facts in her pleading for nullity relief to claim or support entitlement to an application of La. C.C.P. art. 2002, providing for the annulment of a judgment for vices of form.

[4] See La. C.C. art. 3458 ("Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."); and La. C.C. art. 3461 ("Peremption may not be renounced, interrupted, or suspended.).

showed him a copy of the declaration sheet of the insurance policy showing coverage for Dr. Coleman and advised him, "I don't know what's wrong with the PCF, we['ve] got insurance.... Are you going to oppose this?" Barker determined that because Dr. Coleman had insurance, he could not oppose the exception of prematurity and voluntarily agreed to a judgment rather than risk a violation of La. C.C.P. art. 863.[5] Thereafter, Barker sent the consent judgment to the PCF.

According to Barker, in May 2019, he spoke with a person at the PCF who advised him that while their records indicated that Dr. Coleman had a declaration sheet and that Dr. Coleman may have insurance, it was not "the right kind of insurance." Therefore, the PCF representative told Barker that the PCF was not convening a panel to review LaCroix's claims against Dr. Coleman. On cross-examination, Barker admitted that he did not know to whom he spoke at the PCF in May 2019 and agreed that he had no written documentation of the conversation.

The letter that Barker sent to the PCF enclosing a copy of the joint motion to dismiss that supported the October 17, 2017 consent judgment was admitted into evidence. The letter, which was dated November 28, 2017, stated that it was Barker's "understanding that this case shall now proceed with the PCF Panel."

The PCF is mandated within fifteen days of the receipt of a medical malpractice claim to confirm to the claimant by certified mail that the filing has been officially received, and to advise whether or not the named defendant or defendants have qualified under the MMA, the amount of the filing fee due as well as the time frame within which payment of that fee is due, and that upon failure to pay the fee or obtain a waiver of payment of the fee, the request for review of a

---

[5] La. C.C.P. art. 863 sets forth the effect that signing of a pleading has, including that the attorney who signs the pleading certifies that the pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

5

malpractice claim is invalid and without effect. See La. R.S. 40:1231.8A(3)(a) & (b). See also La. R.S. 40:1231.1A(3) and 1231.4D.

The jurisprudence of this state has consistently held that the one-year peremptive period in La. C.C.P. art. 2004 begins to run on the date that the injured party discovers -- or should have discovered -- through the exercise of reasonable diligence, information on which a cause of action might be based. Whenever there is notice enough to excite attention, put a person on guard, or suggest further investigation, this is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. *Knox v. W. Baton Rouge Credit, Inc.*, 2008-1818 (La. App. 1st Cir. 3/27/09), 9 So.3d 1020, 1025.

When Barker did not timely receive the mandatory communication from the PCF after he resubmitted LaCroix's claim on November 28, 2017, there was notice enough to excite his attention, put him on guard, or suggest that further investigation was necessary well before May 2019, when he contacted the PCF. Barker should have discovered, through the exercise of reasonable diligence, information which may have supported any entitlement to nullity relief of LaCroix by sometime in late 2017. As such, LaCroix's claim for nullity based on fraud or ill practices, filed on November 5, 2019, was perempted, and the trial court erred in granting her nullity relief. Accordingly, the trial court's judgment is reversed.[6]

### DECREE

For these reasons, the trial court's March 5, 2020 judgment is reversed. Appeal costs are assessed to plaintiff-appellee, Lorraine LeCroix.

**REVERSED.**

---

[6] Because LaCroix's claim was perempted, we find it unnecessary to address the issue of whether the consent judgment was obtained by fraud or ill practices and pretermit such a discussion.

6