# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

2022 CA 0407; 2022 CW 0660

BRADLEY REED MILAM

VS.

KAMERON BROOKE HUGHES

Judgment Rendered: __DEC 2 9 2022__

* * * * *

On Appeal from the
Eighteenth Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
No. 104277 "D"

The Honorable Elizabeth A. Engolio, Judge Presiding

* * * * *

Philip J. House
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Kameron Brooke Hughes

Julie Bieganowski Distefano
Plaquemine, Louisiana

Attorney for Plaintiff/Appellee
Bradley Reed Milam

* * * * *

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

The appellant, Kameron Brooke Hughes, appeals the trial court's January 24, 2022 judgment that denied her peremptory exception raising the objection of no cause of action. The appellant also appeals the permanent protection from abuse order that was granted in favor of the appellee, Bradley Reed Milam. For the following reasons, we affirm the judgment of the trial court. We deny the companion writ application referred to this panel as moot.

## FACTS AND PROCEDURDAL HISTORY

The parties have a history of a physically violent and tumultuous relationship that resulted in numerous pleadings filed in the trial court. The parties have a minor child together who was born on February 25, 2016. Approximately one month after the birth of their minor child, on March 29, 2016, Bradley filed for sole custody. Kameron filed responsive pleadings, seeking custody of the minor child and permission to relocate to South Carolina. Both parties alleged that they had a tumultuous relationship that often resulted in physical violence and mental abuse. On July 6, 2016, the parties entered an interim stipulated judgment, wherein they were awarded joint legal custody of the minor child. The parties reconciled within weeks of signing the interim stipulated judgment, and their relationship continued off and on until June 2019.

On June 19, 2019, Kameron filed an *ex parte* motion for sole custody of the minor child, a motion for a protective order, and a motion for contempt against Bradley. In response, on June 24, 2019, Bradley filed a petition for protection from abuse against Kameron stating that she "kicked [his] door in and broke [the] frame [on March 30, 2019,]" and "physically restrained [him] from leaving her residence on June 5, 2019." Bradley further stated that Kameron was arrested on June 25,

2

2016 and September 22, 2018 for domestic abuse against him. On June 24, 2019, after a hearing, a hearing officer recommended and ordered the following:

It is well established that the parties have a physically violent and tumultuous relationship and that the child in this matter is often subjected to the conflict between the parties. There is a court order in effect from July 6, 2016, issued after both parties and their attorneys appeared in court, which sought to minimize the contact between the parties. The parties reconciled shortly after that order. The reconciliation of the parties resulted in more conflict, allegations of abuse from both parties, criminal charges and arrests.

In addition, at today's hearing date, Kameron Brooke Hughes was pick[ed] up by Brusly Police Department on an active warrant. It is unclear as to whether she will be released on today's date or not. Bradley Milam may be facing criminal charges in [West Baton Rouge] on an incident between the parties occurring in September, 2018. It appears to the court as though the child is most at risk when the parties are together and not when they are exercising custody of the child away from the other.

**\*\*\*\***

IT IS ORDERED, ADJUDGED AND DECREED that the parties shall not communicate with each other except in regards to the minor child, and only if necessary, such as a medical emergency.

That same day, Kameron was arrested by the Brusly Police Department for an outstanding warrant for arrest for domestic abuse battery and criminal damage to Bradley's property that occurred on March 30, 2019.

On July 9, 2019, a handwritten interim order was issued in chambers, and the typed order was executed by the trial court on July 30, 2019, which stated in pertinent part:

**IT IS HEREBY FURTHER ORDERED** that mutual and reciprocal injunctions shall issue herein prohibiting either party from abusing, harassing, assaulting, stalking, following, tracking, monitoring, or threatening the other. This prohibition includes the use, attempted use, or threatened use of physical force that would reasonabl[y] be expected to cause bodily injury.

**IT IS HEREBY FURTHER ORDERED** that mutual and reciprocal injunctions shall issue herein prohibiting either party from contacting the other party personally, through a third party, or via public posting, by any means, including written, telephone, or electronic (text, email, messaging, or social media) communication without the express written permission of this court, to include a prohibition from sharing location services on cellular devices. However, the parties are authorized to communicate by email or text

3

ONLY, and then ONLY in emergency situations that specifically pertain to the minor child.

Despite the trial court's interim order, Kameron violated the trial court's interim order by contacting Bradley by e-mail multiple times, threatening Bradley at their minor child's daycare, and continuously sending him text messages that were not related to emergency situations pertaining to the minor child.

On October 7, 2019, the trial court signed a judgment that, in pertinent part: held Kameron in contempt of court for multiple violations of the trial court's orders; sentenced her to 7 days in the Iberville Parish Sheriff's Office jail; awarded Bradley attorney fees and court costs; changed the custody schedule to only allow Kameron supervised visitation; and ordered Kameron to complete 90 days of intensive outpatient treatment.

On October 24, 2019, the trial court granted Bradley a protective order against Kameron, which required her to stay away from him, his employer, and the minor child's daycare. The order expired on October 24, 2021. After additional pleadings were filed by the parties regarding custody of the minor child, on October 25, 2021, Bradley filed a petition for protection from abuse against Kameron. In the petition, Bradley requested that a permanent order of protection from abuse be granted based on an attached social media post that Kameron posted on October 21, 2021, allegations of continued stalking, and a notation that a "current order" expired on October 24, 2021. On October 26, 2021, the trial court issued a temporary restraining order (TRO) against Kameron that was effective until November 10, 2021.[1]

---

[1] Kameron was personally served with the temporary restraining order on October 28, 2021. The TRO ordered Kameron to show cause on November 8, 2021 why it should not be granted. On November 8, 2021, the trial court heard from both parties and the matter was continued until December 1, 2021. The record does not contain a transcript of the November 8, 2021 hearing.

4

In response, on November 8, 2021, Kameron filed a peremptory exception raising the objection of no cause of action. Kameron argued that Bradley did not have a cause of action against her pursuant to La. R.S. 46:2131 or La. R.S. 46:2151 *et seq.* because the allegations set forth in his petition for protection from abuse did not constitute stalking. Specifically, Kameron argued that her social media post, via Instagram, dated October 21, 2021 did not constitute stalking as mandated by La. R.S. 14:40.2(A).[2]

On December 1, 2021, the trial court held a hearing on Kameron's objection of no cause of action, and also considered Bradley's petition for permanent order of protection from abuse.[3] At the hearing, the peremptory exception raising the objection of no cause of action was denied and the permanent order of protection from abuse was granted in open court, as "not expiring[.]"[4] When ruling on Bradley's petition for protection from abuse, the trial court took judicial notice[5] of the entire record in the case, stating, in pertinent part:

> I'm ready to rule on it. So regarding the Exception of No Cause of Action, I'm going to overrule that and that is because I am very

---

[2] Louisiana Revised Statutes 14:40.2(A) provides:

Stalking is the intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress. Stalking shall include but not be limited to the intentional and repeated uninvited presence of the perpetrator at another person's home, workplace, school, or any place which would cause a reasonable person to be alarmed, or to suffer emotional distress as a result of verbal, written, or behaviorally implied threats of death, bodily injury, sexual assault, kidnapping, or any other statutory criminal act to himself or any member of his family or any person with whom he is acquainted.

[3] We note that no objection was made regarding the scope of the hearing.

[4] The trial court signed the order on December 1, 2021.

[5] Under La. Code Evid. art. 201(C), a court may take judicial notice of adjudicative facts, whether requested or not. A judicially-noticed fact must be one not subject to reasonable dispute in that it is either "[g]enerally known within the territorial jurisdiction of the trial court;" or "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." La. Code Evid. art. 201(B). During the December 1, 2021 hearing, Kameron did not object to the trial court taking judicial notice to the entire record that was before her. It is important in cases of abuse for the trial court to consider past incidents of abuse in determining the proper action that needs to be taken to protect a party from further, and possibly more harmful, incidents of abuse.

5

intimately familiar with this case. It's one that sticks out in my mind, I know it's ongoing. I think that the protective order should've been extended or sought to be extended and ultimately non-expiring because we've had so much history in this case. So I am not looking at this in a vacuum. I am looking at it with the history. I'm going to take judicial notice of the proceedings in this case, and the entire record of this case.

So what I really think should have happened is it should have been extended ... . Regardless, this would've happened before the expiration of the other protective order that expired on 10/24/21.

So ... I can either extend the other one or I can grant this new one. Regardless, I think it needs to be not expiring. ... So I am going to issue the protective order, make it not expiring.

The trial court signed a judgment in accordance with its oral ruling on January 24, 2022, denying Kameron's objection of no cause of action. Subsequently, Kameron appealed the trial court's judgment.[6]

## APPLICABLE LAW

Under the Domestic Abuse Assistance Statute, La. R.S. 46:2131, *et seq.*, upon good cause shown in an *ex parte* proceeding, the court may issue a TRO to protect a person who shows immediate and present danger of abuse. La. R.S. 46:2135(A). If the TRO is granted without notice, the matter shall be set for a hearing within twenty-one days, at which time, cause must be shown why a protective order should not be issued. At the hearing, the petitioner must prove the allegations of abuse by a preponderance of the evidence. La. R.S. 46:2135(B). *Rouyea v. Rouyea*, 2000-2613 (La. App. 1 Cir. 3/28/01), 808 So.2d 558, 560.

An appellate court reviews domestic protective orders for abuse of discretion. *Head v. Robichaux*, 2018-0366 (La. App. 1 Cir. 11/2/18), 265 So.3d 813, 817. Moreover, we review the trial court's factual findings relating to such protective orders under a manifest error standard of review. *Id.* In matters of credibility, we

---

[6] Kameron filed an application for a supervisory writ seeking review of the trial court's order of protection granted in Bradley's favor as well as the trial court's denial of her peremptory exception raising the objection of no cause of action. A prior panel of this court referred the writ application to this panel for review. See *Bradley Reed Milam v. Kameron Brooke Hughes*, 2022 CW 0660 (La. App. 1 Cir. 10/10/22). We deny the writ application as moot.

must give great deference to the trial court's findings, as the trial court is in the best position to view the witnesses' demeanor. *Id.* When conflicting testimony exists, this court cannot disturb the trial court's reasonable credibility evaluations and reasonable factual inferences. *Compton v. Chatman*, 2021-0706 (La. App. 1 Cir. 2/25/22), 341 So.3d 581, 586, writ denied, 2022-00527 (La. 5/3/22), 337 So.3d 154.

Except as provided in La. R.S. 46:2136(F)(2), any final protective order shall be for a fixed period of time, not to exceed 18 months; however, the court has discretion to extend a protective order after conducting a contradictory hearing. La. R.S. 46:2136(F)(1). The court may grant a protective order for an indefinite period of time, on its own motion or by motion of the petitioner, but only as to that portion of the protective order that directs the defendant to refrain from abusing, harassing, or interfering with the protected persons as provided in La. R.S. 46:2135(A)(1). Under La. R.S. 46:2136(F)(2)(b), the court must conduct a hearing for a motion to issue an indefinite protective order and shall hold such hearing concurrently with the hearing for the rule to show cause why the protective order should be issued. See *Compton*, 341 So.3d at 585-86.

## DISCUSSION

In her first assignment of error, Kameron argues that the trial court erred in denying her peremptory exception raising the objection of no cause of action. Kameron argues that Bradley's "sole claim of continued stalking falls woefully short of the legal standard [of stalking.]" Kameron further argues that Bradley's petition for protection from abuse is based solely on a social media post that does not rise to the level of repeated evidence or specific intent of stalking. Therefore, Kameron argues that Bradley's petition for protection from abuse failed to state a cause of action.

7

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Truitt v. West Feliciana Parish Government*, 2019-0808 (La. App. 1 Cir. 2/21/20), 299 So.3d 100, 103. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pled facts in the petition must be accepted as true. *Damond v. Marullo*, 2019-0675 (La. App. 1 Cir. 6/22/20), 307 So.3d 234, 241, writ denied, 2020-01243 (La. 3/23/21), 312 So.3d 1104.

In this case, the issue at the hearing of the peremptory exception raising the objection of no cause of action is whether, on the face of the petition, Bradley is legally entitled to the relief sought. In reviewing a trial court's ruling on a peremptory exception raising the objection of no cause action, appellate courts conduct a *de novo* review, because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition. *Greenland v. Greenland*, 2008-2568 (La. App. 1 Cir. 12/9/09), 29 So.3d 647, 652, writ denied, 2010-0004 (La. 3/5/10), 28 So.3d 1011. The burden of establishing that a petition fails to state a cause of action is on the mover. Thus, to prevail on her peremptory exception raising the objection of no cause of action, Kameron had to show that even if all the allegations of Bradley's petition were true, he failed to state a cause of action for the issuance of a protective order under La. R.S. 46:2131, *et seq.*

After our *de novo* review of the record, we conclude that Bradley stated a valid cause of action for the relief he sought pursuant to La. R.S. 46:2135 and La. R.S. 46:2136. In accordance with La. R.S. 46:2135 and 46:2136, the issuance of a

8

protective order requires that there be good cause shown by the petitioner. Pursuant to La. R.S. 46:2135, good cause shown is an immediate and present danger of abuse against the petitioner. There is no requirement that the abuse itself be recent, immediate, or present. *Id.*; *Carrie v. Jones*, 2021-0659 (La. App. 4 Cir. 1/21/22), 334 So.3d 834, 842. The court shall consider any and all past history of abuse, or threats thereof, in determining the existence of an immediate and present danger of abuse. *Id.* In paragraph eight of the petition for protection from abuse, Bradley lists nine types of abuse that he alleges were inflicted upon him by Kameron. In addition, he adds a recent social media post by Kameron and a request that the protection order that was to expire on October 24, 2021 continue in effect. These allegations are sufficient to state a cause of action for a protective order.

The record reveals that Bradley presented evidence of Kameron violating multiple court orders and assaulting him. At the hearing, the trial court properly took judicial notice of the evidence previously presented by the parties in its decision to grant Bradley's protective order. See *Aguillard v. Aguillard*, 2020-64 (La. App. 3 Cir. 11/4/20), 305 So.3d 955, 964-65. The trial court took judicial notice of the parties physically violent and tumultuous relationship, including Kameron's history of abusing and threatening Bradley, when finding that good cause was shown in granting Bradley's permanent protective order.

Accordingly, after reviewing the record, we find that the trial court did not abuse its discretion in finding that Bradley established by a preponderance of the evidence that a protective order was warranted in this case. The trial court weighed the evidence and the credibility of the witnesses, and took judicial notice of the many incidents of abuse, as well as prior judicial proceedings, in finding that Bradley was entitled to a protective order by a preponderance of the evidence. Therefore, the trial

court granting Bradley's protective order and denying Kameron's peremptory exception raising the objection of no cause of action is affirmed.[7]

In her second assignment of error, Kameron argues that the trial court erred in granting Bradley's permanent protection from abuse without a contradictory hearing. Specifically, Kameron argues that this is a procedural error because no evidence was introduced by either side to prove Bradley's claims in his petition for protection from abuse.

The record reveals that the trial court issued a TRO *ex parte* in Bradley's favor on October 26, 2021. On November 8, 2021, the trial court held a hearing on the rule to show cause on the protective order, wherein both parties were present, and it was granted as continuing in effect until December 1, 2021. On December 1, 2021, after hearing arguments from both parties and taking judicial notice of the many incidents of abuse and prior court proceedings, the trial court granted Bradley's permanent order of protection from abuse. Thus, it appears that the trial court complied with La. R.S. 46:2131, *et seq.* as it met the time requirements of La. R.S. 46:2135(B)[8] in setting the rule to show cause on the protective order after granting the TRO in Bradley's favor, as well as holding a hearing on his petition for protection from abuse wherein both parties argued their case. The record indicates that Bradley's permanent order of protection from abuse was rendered by the trial court

---

[7] We pretermit discussion of whether Kameron's social media post constituted stalking pursuant to La. R.S. 46:2131 or La. R.S. 46:2151 *et seq.* since there is sufficient evidence in the record for the trial court to grant Bradley's permanent protection from abuse.

[8] Louisiana Revised Statutes La. R.S. 46:2135(B) provides:

> If a [TRO] is granted without notice, the matter shall be set within twenty-one days for a rule to show cause why the protective order should not be issued, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence. The defendant shall be given notice of the [TRO] and the hearing on the rule to show cause by service of process as required by law within twenty-four hours of the issuance of the order.

10

after Kameron was given reasonable notice and an opportunity to be heard. La. R.S. 46:2136(B)(2). Therefore, this assignment of error has no merit.

## CONCLUSION

For these reasons, the trial court granting Bradley Reed Milam's permanent order of protection from abuse, as well as the trial court's January 24, 2022 judgment denying Kameron Brooke Hughes' peremptory exception raising the objection of no cause of action, is affirmed. We deny the companion writ application referred to this panel as moot. Appeal costs are assessed against the appellant, Kameron Brooke Hughes.

**AFFIRMED; WRIT DENIED AS MOOT.**

11