PER CURIAM.
 
 *
 

 It is well settled that it is the insured’s obligation to read the policy when received, since the insured is deemed to know the policy contents.
 
 Isidore Newman School v. J. Everett Eaves, Inc.,
 
 09-2161 at p. 12 (La.7/6/10), 42 So.3d 352, 359;
 
 see also City Blueprint & Supply Co., Inc. v. Boggio,
 
 08-1093 (La.App. 4th Cir.12/17/08), 3 So.3d 62. In the instant case, plaintiffs’ policies clearly revealed their flood limits were lower than their commercial policy limits and their properties’ value. Moreover, it is undisputed that a review of plaintiffs’ commercial policies would have revealed these policies excluded flood damage.
 

 Under these circumstances, plaintiffs knew or should have known of their deficient coverage no later than 2003 on the Center Street property, and no later than 2004 on the Nancy Drive property. Clearly, both of these dates were more than one year before plaintiffs filed the instant suit in 2006.
 

 Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the judgment of the district court granting summary judgment in favor of relators on the ground plaintiffs’ claims are perempted is reinstated.
 

 *
 

 Chief Justice Kimball not participating in this opinion.